188 So.2d 354 (1966)
Seymour SILVERMAN, Appellant,
v.
Anne TURNER and Paul Turner, Appellees.
No. 65-819.
District Court of Appeal of Florida. Third District.
June 28, 1966.
Rehearing Denied July 28, 1966.
*355 Seymour Silverman, Miami Beach, for appellant.
Koeppel & Klein, Miami, for appellees.
Before PEARSON, CARROLL and SWANN, JJ.
PER CURIAM.
This interlocutory appeal is from an order requiring the appellant, an attorney, to divulge the name and source of a loan made to his client at the time of the furnishing of a supersedeas bond. The only facts before us are in the order of the trial court and are recited as follows:
"THIS MATTER came up for hearing on the presentation of the case for the Defendant, when the Plaintiff was called as an adverse witness. She testified that the sum of $5,000.00 furnished in the case for a supersedeas bond for an interlocutory appeal from this Court's order was not part of her estate, was not furnished by her, and the details thereof were arranged in the office of her attorney, Seymour Silverman; that she does not know the name of the loaner, was not present at the time of the negotiations for the loan, and that she paid $100.00 interest for the loan.
"The attorney for the Plaintiff, Seymour Silverman, was called as a witness for the defense, and inquiry was made from him as to the $5,000 cash placed with the Court as a supersedeas bond. The attorney, Seymour Silverman testified that the $5,000 was furnished by a client of some 8 or 10 years, serviced by him; that the client furnished this sum and charged $100.00, and as a condition of the loan, he demanded that his name not be divulged, and that he as attorney for the said client refused to divulge the same, claiming privilege. No note was prepared to evidence the loan as this would divulge the loaner's name. Mr. Silverman claimed privilege."
* * * * * *
The question then is whether or not the appellant was entitled to claim the attorney-client privilege in relation to this testimony. The chancellor's order found that the attorney-client privilege was not permissible under the facts in this case. The order cited as authority 97 C.J.S. Witnesses §§ 280, 283, which hold in essence that where the attorney acts in any other capacity than as an attorney, such as a depository, or trustee, the attorney-client relationship does not obtain, and that the subject matter must relate to the subject matter of the attorney's employment. See: Tillotson v. Boughner, N.D.Ill. 1965, 238 F. Supp. 621.
The order also cited in Re Feinberg's Estate, 1945, 185 Misc. 862, 57 N.Y.S.2d 747, which states in part:
* * * * * *
"* * * While an attorney may not disclose a communication made by a client to him or his advice given thereon, such prohibition, afforded by Section 353, Civil Practice Act, does not extend to money or property received by or in the custody or control of the attorney, for he merely becomes the agent of his client with respect thereto. * * *" (Emphasis supplied.)
* * * * * *
In 58 Am.Jur. Witnesses § 507, it is said:
"* * * The court may compel an attorney, during the pendency of a cause, and perhaps thereafter should the occasion arise, to identify his client. The court has a right to know that the client whose secret is treasured is actual flesh and blood, and to demand his identification, for the purpose, at least, of testing the statement which has been made by the attorney who places before him the shield of this privilege. * * *"
* * * * * *
Accordingly, the order appealed from is
Affirmed.