224 So.2d 424 (1969)
Jack J. FRIEDMAN, Appellant,
v.
Rose A. FRIEDMAN, Appellee.
No. 68-924.
District Court of Appeal of Florida. Third District.
June 10, 1969.
Rehearing Denied July 25, 1969.
*425 John H. Duhig, Miami, for appellant.
Kelly, Black, Black, & Kenny, Miami, for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and SWANN, JJ.
PER CURIAM.
The appellant Jack J. Friedman was adjudged by the Dade County Circuit Court to be in contempt, for violation of a temporary restraining order. The contempt judgment was entered on September 19, 1968, with provision for penalty to be imposed at a subsequent time.
On September 13, 1967, Rose A. Friedman sued Jack J. Friedman for alimony unconnected with divorce, charging the defendant with having been guilty of extreme cruelty. Those parties will be referred to as the husband and the wife. The husband answered, and counterclaimed for divorce, charging extreme cruelty. On trial of the cause before the court the wife prevailed. Final judgment was entered on May 29, 1968, dismissing the counterclaim, and granting the wife separate maintenance, with alimony fixed at $100 per week. The judgment did not contain any reservation of jurisdiction, but it restrained each of the parties "from interfering, molesting or threatening the other."
The pleadings filed on behalf of the husband prior to judgment in the separate maintenance suit show he was represented there by attorney John H. Duhig. After judgment, on June 21, 1968, attorney Hugh S. Glickstein, of Hollywood, Florida, filed an appearance as attorney for the husband, and a motion on behalf of the husband for relief from the judgment, under Rule 1.540 (b) RCP, 31 F.S.A., based on proffered additional evidence in support of the counterclaim for divorce. On June 25, 1968, a motion of Duhig to withdraw as attorney for the husband was granted. On June 27, 1968, the court entered an order denying the husband's motion for relief from the judgment under Rule 1.540. No appeal was *426 taken from that order, or from the final judgment.
Thereafter, on July 25, 1968, the wife filed a "Motion for Restraining Order and Contempt." Her motion revealed she had received a formal notice of the pendency in Mexico of a suit filed there by the husband for divorce; and that by such notice (which allowed her eight days to answer) she was advised that in the absence of defense by her a divorce decree would be entered on July 31, 1968. As the basis for moving for an order of contempt, the wife's motion revealed she was proceeding on the theory that by filing suit for divorce against her the husband was violating the provision of the decree which had restrained him from "interfering, molesting or threatening" her. As ground for seeking an injunction, the motion alleged only as follows:
"That, unless restrained, Defendant will proceed with his efforts to secure a decree of divorce from Plaintiff in Mexico contrary to and in defiance of the jurisdiction of this Court over the parties and their marital relationship."
Service of that motion of the wife was attempted to be made on the husband by mailing copies to attorneys Duhig and Glickstein. Since no proceedings subsequent to judgment were pending, such as by a petition for rehearing or an appeal by the husband, the mailing of notice to attorneys who had represented him in the prior proceedings which had ended did not constitute service or notice to the husband. Ginsberg v. Ginsberg, Fla.App., 1960, 122 So.2d 30, 32, and 123 So.2d 57, 59. However, that failure or defect of service upon the husband was cured when an answer (styled "Traverse") in opposition to the motion, was filed on behalf of the husband by his former attorney Duhig, on July 26, 1968. When the wife's motion came before the court on July 29, 1968, the temporary restraining order was entered, which enjoined the husband "from prosecuting or continuing his action for a Mexican divorce until a hearing can be had herein," and the order set the hearing for September 5, 1968. No appeal was taken by the husband from that order.
At the September hearing no testimony was taken, but it was brought out by evidentiary exhibits that the Mexican divorce had been granted, and that in reliance thereon the husband had remarried. Thereupon, on September 19, 1968, the trial court entered the order adjudging the husband in contempt, holding that his failure to stay the progress of the Mexican divorce proceeding until the time of the September hearing was a violation of the temporary restraining order of July 29, 1968.
On the record we are impelled to affirm the contempt judgment. We do so notwithstanding that we agree with the argument of appellant that the motion filed by the wife did not contain allegations sufficient to make out a cause of action to enjoin the husband from suing for a divorce. A separate maintenance granted the wife does not operate to prevent a husband from suing for divorce. A husband whose suit for divorce on a given ground has been denied, can maintain a new divorce suit on another ground provable by other facts.
On an adequate showing, in a variety of circumstances, an injunction restraining a spouse from seeking or prosecuting a suit for divorce in a foreign jurisdiction is warranted. See 24 Am.Jur.2d, Divorce and Separation, § 1005; Annot: 128 A.L.R. 1467, 1468; Annot: 54 A.L.R.2d 1240, 1241-1247. If sufficient facts as indicated by those authorities as a basis for such action were possessed by the wife, they were not adequately alleged in her motion, and it is patent that the filing of a suit for divorce by the husband was not a violation of the provision in the separate maintenance judgment against interfering with, molesting or threatening the wife. The seeking of a divorce by the husband was not a threat or a molestation within the meaning of such an order. Nor did it constitute an *427 "interference," since a foreign divorce decree, if obtained by the husband in a suit in which the wife was not personally served or did not appear, would not affect her right to the decreed alimony. Pawley v. Pawley, Fla. 1950, 46 So.2d 464, 28 A.L.R.2d 1358; Kreiger v. Kreiger, 334 U.S. 555, 68 S.Ct. 1221, 92 L.Ed. 1572; 24 Am.Jur.2d, Divorce and Separation, § 993.
One charged with contempt by violating an order may defend by showing the order was void. But it is no defense to show that the order was erroneous, as distinguished from being void. Thus in Seaboard Air Line Ry. Co. v. Tampa Southern R. Co., 101 Fla. 468, 134 So. 529, 533, the Supreme Court said:
"A party proceeded against for disobedience of an injunction is never allowed to allege as a defense for his misconduct that the court erred in its judgment in granting the injunction or in refusing to dissolve it, and this is so even though it may seem clear that the court did improperly grant the injunction.
"Where the court had jurisdiction, the fact that an injunction or restraining order is merely erroneous, or was improvidently granted, or irregularly obtained, or the bill without equity and subject to dismissal for that reason, is no excuse for violating it. * * *
* * * * * *
"An injunction or restraining order must be obeyed until vacated or modified by the court awarding it, or by superior authority, or until the order or decree which granted it has been reversed on appeal, no matter how unreasonable and unjust the injunction may be in its terms, and no matter how flagrantly the rules of equity practice have been violated by the court in ordering it to issue."
The question of validity of the husband's Mexican divorce was not involved in the described proceedings. A challenge of the validity thereof, if made, would be required to be submitted on sufficient allegations in a suit by the wife against the husband to have the foreign divorce declared invalid and set aside. See Kittel v. Kittel, Fla. App., 1967, 194 So.2d 640.
Whereupon, for the reason stated, the order appealed from is affirmed.