315 So.2d 530 (1975)
John R. ASHCRAFT, Individually and F/U/B/O Laura Ashcraft, Appellants,
v.
Richard D. HARVEY and C. Shelby Dale, Appellees.
No. 75-218.
District Court of Appeal of Florida, Fourth District.
July 3, 1975.
William R. Hussey, Fort Lauderdale, for appellants.
James P. O'Flarity, Fort Lauderdale, for appellees.
WALDEN, Judge.
The trial court refused to allow discovery as to certain
"bank statements, cancelled checks, and check records of the C. Shelby Dale Trust Account in The First National Bank in Fort Lauderdale for the period March 24, 1971 through July 31, 1971."
Plaintiffs appeal. We reverse and remand with instructions.
C. Shelby Dale, Esquire, is alleged to be attorney for Richard D. Harvey and Fibre Crete Homes of Florida, Inc. Plaintiffs sued Harvey and Dale in a nine count *531 Complaint involving claims for damages, an accounting and constructive trust.
Without detailing the gravamen of the complaint, it has to do with two sums of money: $5,300.00 and $3,500.00, which were delivered to the defendants and to have been used by them for a certain purpose. Interwoven are charges of fraud and misrepresentation.
According to the appellate presentment, the basis for the denial of this discovery was the attorney-client privilege. We are of the opinion that such privilege does not obtain under the circumstances of this case.
In Wirtz v. Fowler, 372 F.2d 315 (5th Cir.1966) the court held that attorney-client privilege belongs to the client, and is not intended to protect the attorney and is designed to protect confidential information only. In Gibson v. Florida Legislative Investigation Committee, 108 So.2d 729 (Fla. 1959) the Supreme Court held that a client cannot use the office of the attorney to evade an obligation the client owes. See Falsone v. United States, 205 F.2d 734 (5th Cir.1953). See 8 Wigmore on Evidence § 2307 (1961), in which is discussed the fact that a client's documents must be delivered up from an attorney if the client himself would be compelled to give up possession. The client-defendant Harvey would be compelled to produce his records of any transactions with the funds under dispute, therefore the attorney-defendant Dale should deliver up such records. We reverse the denial of discovery.
We do find fault, however, with the broadness of the discovery effort. From the request it would seem that the attorney's trust account would be subject to scrutiny without limitation as to all of his clients and of all of his trust transactions. We think that the discovery should be limited reasonably to items and transactions relevant and material to plaintiffs' claim. 10 Fla.Jur., § 12 Discovery and Depositions (1973). Thus the trial court should enter a protective order properly limiting the encroachment into the trust account records of C. Shelby Dale.
The orders are reversed and remanded for further proceedings consistent herewith.
Reversed and remanded.
CROSS and MAGER, JJ., concur.