DELL, Judge.
This appeal involves purportedly contradictory orders entered in two cases simultaneously before the circuit court: In re: Estate of Bland (Estate), a probate proceeding before Judge Johnson; and Hartford National Bank, etc. v. Albert, et. a1. (Hartford), a domestication action before Judge Cook. Appellants, personal representatives of the estate of Chester Bland, challenge Judge Cook’s order compelling production in aid of execution.
Appellee, Hartford National Bank and Trust Company, had received a judgment against Mr. Bland and five co-venturers in Connecticut. Bland died shortly thereafter and his will was admitted to probate in Florida. Appellee filed a statement of claim in Estate seeking the full amount of the Connecticut judgment, to which appellants objected. Thereafter, appellee filed its complaint in Hartford, seeking to domesticate the Connecticut judgment. Judge Cook entered a final judgment in favor of appellee, which he later amended to provide the clause “for which let execution issue.” Appellee filed a motion for writ of execution in both cases, and filed a notice of taking of deposition in aid of execution and a request for production in aid of execution in Hartford. Appellants objected, and ap-pellee moved to compel production in Hartford.
On May 11, Judge Johnson denied appel-lee’s motion for writ of execution in Estate, and on May 12, Judge Cook granted appel-lee’s motion to compel production in aid of execution in Hartford. Appellants filed their notice of appeal, directed to Judge Cook’s order of May 12, on the same day that Judge Cook transferred Hartford to the probate division for all further proceedings.
Appellants contend Judge Cook’s order compelling production is premature because appellee may not compel production in aid of execution before receiving a writ of execution; Judge Johnson has denied appellee’s motion for writ of execution; and appellee cannot collect any portion of the judgment without the approval of the probate court.
Judge Cook properly compelled production in aid of execution. The final judgment in the domestication action is independent of the probate proceeding. The amended final judgment provided for issuance of execution and entitled appellee to discovery under Rule 1.560, Florida Rules of Civil Procedure. Rule 1.560 permits a judgment creditor to obtain discovery in aid of execution from any person in the manner provided in the Rules of Civil Procedure. Parties may obtain discovery by deposition or by production of documents or things regarding any matter, not privileged, that is relevant to the subject matter of the *1029 action. Fla.R.Civ.P. 1.280. Appellee requested documents relevant to execution of the judgment in the domestication action. Further, appellee’s motion to compel states that the purpose of the request is to discover assets which might have been fraudulently transferred before Mr. Bland’s death. Since probate is a proceeding in rem, Section 731.105, Florida Statutes (1981), and the estate subject to administration is the res, Section 731.201(2); In re Williamson’s Estate, 95 So.2d 244 (Fla.1957), Judge Johnson’s order denying execution does not affect executable assets outside the probate estate, nor does it prohibit appellee from taking discovery in aid of execution.
Accordingly we affirm Judge Cook’s order compelling production in aid of execution of the domesticated Connecticut judgment.
AFFIRMED.
DOWNEY and HURLEY, JJ., concur.