HERSEY, Judge.
Debra Lumpkins appeals an order denying her motion to compel the attendance of appellee at a deposition.
After appellee’s trial counsel had withdrawn, two final judgments were entered against appellee, adjudicating him the father of appellant’s child, and ordering him to pay child support, arrearages and appellant’s attorneys’ fees. Appellee’s appellate counsel, Steven Berger, filed a notice of appeal.
Appellant mailed to Berger a notice of taking deposition and request to produce, to which Berger responded that ap-pellee would not appear for the deposition because Berger could not contact or locate him. She then filed a motion to compel attendance at deposition. This motion was denied. We hold that this was error. Appellant was clearly entitled to obtain from appellee discovery in aid of execution, under rule 1.560, Florida Rules of Civil Procedure.
In Albert v. Hartford National Bank and Trust Company, 423 So.2d 1027 (Fla. 4th DCA 1982), this court affirmed the trial court’s order compelling production in aid of execution, stating:
Rule 1.560 permits a judgment creditor to obtain discovery in aid of execution from any person in the manner provided in the Rules of Civil Procedure. Parties may obtain discovery by deposition or by production of documents or things regarding any matter, not privileged, that is relevant to the subject matter of the action.
423 So.2d at 1028-29.
There is,also no question that an order compelling attendance at a deposition was a sanction available under the facts of the present case. See Luca v. Largo Diversified, Inc., 396 So.2d 1228 (Fla. 2d DCA 1981); In re Estate of Coveney, 324 So.2d 681 (Fla. 4th DCA 1976).
We further hold that service of the notice here was effective service. The proper procedure for notifying a party represented by an attorney is to serve “the attorney unless service upon the party is ordered by the court.” Fla.R.Civ.P. 1.080(b). In Winfield v. Brompton Air Services, 443 So.2d 466 (Fla. 4th DCA 1984), this court said:
A judgment debtor is subject to discovery procedures. Fla.R.Civ.P. 1.560. If represented by an attorney, service is obtained by deliverying a copy of the notice of taking deposition to the party’s attorney. Fla.R.Civ.P. 1.080(b).

Id.

In Ginsberg v. Ginsberg, 122 So.2d 30 (Fla. 3d DCA 1960), aff'd after remand, 156 So.2d 882 (Fla. 3d DCA 1963), a final divorce decree was entered January 4 against appellant, ordering him to make payments to appellee. Appellant petitioned for rehearing January 14, and a rule to show cause for non-payment was entered against appellant on January 26. Appellant challenged the contempt order (entered against him on February 1) on the ground that there was insufficient notice. The appellate court disagreed, saying:
When such a decree calling for payment of alimony or child support has become final, service on the attorney who represented the defendant in the divorce suit ordinarily will not be adequate or proper service or notice to the defendant, where it does not result in his receiving notice of the proceeding and when the attorney disclaims continued representation of the defendant.... But the rule is different where the cause is pending or not yet concluded.... In this instance the defendant was continuing the progress of the suit through the prosecution of his petition for rehearing, and his attorney was actively engaged in the cause with reference to that matter in his interest, which had not yet been disposed of therein. For that reason the chancellor was eminently correct, when *1216 doubt as to the whereabouts of the defendant appeared, to direct that the rule to show cause should be served on defendant’s attorney of record; and we hold that such service was sufficient and binding on the defendant to entitle the court to proceed under the rule to show cause, in the circumstances presented in this case.
122 So.2d at 32 (citations omitted). See also Nicholson v. Nicholson, 311 So.2d 676 (Fla. 4th DCA 1975) (service on a party is effectuated where service is made upon party’s attorney where it is clear that there is a pending cause in which attorney is actively engaged on behalf of the party); Bussey v. Legislative Auditing Committee of Legislature, 298 So.2d 219 (Fla. 1st DCA 1974) (papers may be served on a party’s attorney where the cause is pending or not yet concluded), appeal dismissed, 312 So.2d 737 (Fla.1975).
In Friedman v. Friedman, 224 So.2d 424 (Fla. 3d DCA 1969), a final judgment was entered ordering appellant to make payments to appellee. After judgment, a different attorney filed a notice of appearance as attorney for appellant, and also filed a motion for relief from judgment. The motion for relief was denied and no appeal was taken. Appellee subsequently filed a motion for order of contempt and served it on appellant’s trial and appellate counsel. The court held the notice insufficient, “[sjince no proceedings subsequent to judgment were pending, such as by a petition for rehearing or an appeal by the [appellant]_” 224 So.2d at 426.
Since the case in question was still pending, notice of taking deposition sent to ap-pellee’s attorney was sufficient, and the trial court erred in denying appellant’s motion to compel attendance.
Accordingly, we reverse and remand for further proceedings.
REVERSED AND REMANDED.
DOWNEY and BARKETT, JJ., concur.