NIMMONS, Judge,
Appellant challenges the trial court’s order adjudicating her guilty of indirect criminal contempt for the willful violation of the court’s earlier order in a dependency proceeding involving appellant’s children.
After the dependency order was entered, appellant sought appellate review of such order by filing her notice of appeal.[1] She also sought unsuccessfully from the trial court a stay or supersedeas of such order.
Appellant does not attack the findings of fact recited in the order of contempt or contend that the facts were not sufficient to support a finding of indirect criminal contempt. Instead, the gist of appellant’s argument is that she should not have been held in contempt of the dependency order because the trial court erroneously — she says — failed to grant her motion to stay or supersede the order pending appeal. In effect, appellant contends that her defiance of the dependency order cannot be punished as contempt because the trial court should have stayed execution of the order pending appeal. We disagree.
In the first place, under Fla.R.App. P. 9.310, the grant or denial of a stay was committed to the discretion of the trial court and there was no abuse in the court’s exercise of discretion in denying a stay.
Secondly, even were we to agree with appellant that the trial judge abused his discretion by denying a stay of the dependency order, such would not excuse appellant’s defiance of the order.[2]
It is axiomatic that it is no defense to a charge of contempt that the disobeyed order was erroneous. Vizzi v. State, 501 So.2d 613 (Fla. 3d DCA 1986); Jamason v. State, 447 So.2d 892 (Fla. 4th DCA 1983), approved 455 So.2d 380 (Fla.1984); Sandstrom v. State, 390 So.2d 448 (Fla. 4th DCA 1980); Health Clubs, Inc. v. State ex rel. Eagan, 377 So.2d 28 (Fla. 5th DCA 1979); In Interest o/S.L.T., R.L.T., R.L.T., 180 So.2d 374 (Fla. 2d DCA 1965).
The order must be obeyed until vacated or modified by the issuing court or until it is reversed on appeal. Kaylor v. Kaylor, 466 So.2d 1253 (Fla. 2d DCA 1985), rev. dismissed, 500 So.2d 530 (Fla.1987); Friedman v. Friedman, 224 So.2d 424 (Fla. 3d DCA 1969); Seaboard Air Line Ry. Co. v. Tampa Southern R. Co., 101 Fla. 468, 134 So. 529 (1931). In Demetree v. State ex rel. Marsh, 89 So.2d 498, 501 (Fla.1956), the Supreme Court observed:
[T]he power to punish for violation of a valid subsisting order of a court of competent jurisdiction necessarily inheres in our judicial system. This is so for the simple reason that without the power our judicial system would become a mere *1032 mockery for a party to a cause could make of himself a judge of the validity of orders which had been issued and by his own acts of disobedience set them aside, thereby ultimately producing the complete impotency of the judicial process.
AFFIRMED.
SMITH, C.J., and WENTWORTH, J., concur.

. Recently, we affirmed without opinion the dependency order. In The Interest of T.E., W.E., C.M., 531 So.2d 170 (Fla. 1st DCA 1988).

. Our discussion is limited to those cases where a stay is available at the trial court’s discretion, as distinguished from circumstances outlined in Fla.R.App.P. 9.310(b) in which a stay is available as a matter of right.