563 So.2d 1134 (1990)
PAPER CORPORATION OF AMERICA D/B/a Saxon Paper-Florida, Appellant,
v.
Howard J. SCHNEIDER and Barry Garfield, Appellees.
No. 90-959.
District Court of Appeal of Florida, Third District.
July 17, 1990.
Robert J. Schaffer, Miami, for appellant.
No appearance for appellees.
Before HUBBART, FERGUSON and LEVY, JJ.
PER CURIAM.
This is an appeal by the plaintiff, Paper Corporation of America d/b/a Saxon Paper-Florida, a judgment creditor, from an adverse non-final order entered in post-judgment execution proceedings brought against the defendant Barry Garfield, a judgment debtor. The non-final order under review grants the defendant's motion for a protective order and thereby precludes the plaintiff from (1) taking the deposition of Howard J. Schneider, the defendant's accountant, and (2) requiring Howard J. Schneider to produce copies of the defendant's income tax returns, the defendant's financial statements, and other records of the defendant's assets and liabilities, pursuant to a subpoena duces tecum; the subject non-final order also assesses $200 in attorney's fees against the plaintiff to be paid to Howard J. Schneider's counsel. The legal basis for entering the subject protective order was that the financial disclosure sought by the deposition and subpoena duces tecum was barred by the accountant-client privilege. §§ 90.5055, 473.316, Fla. Stat. (1989).
We reverse the order under review upon a holding that (a) the defendant was not privileged to withhold the otherwise relevant financial disclosure stated above in these post-judgment execution proceedings *1135 if deposed or served with a subpoena duces tecum, Jim Appley's Tru-Arc, Inc. v. Liquid Extraction Sys. Ltd. Partnership, 526 So.2d 177 (Fla. 2d DCA 1988); Lumpkins v. Amendola, 466 So.2d 1214 (Fla. 4th DCA 1985); Albert v. Hartford Nat'l Bank & Trust Co., 423 So.2d 1027 (Fla. 4th DCA 1982); Gruman v. Bankers Trust Co., 379 So.2d 658 (Fla. 3d DCA 1980); Silverman v. Turner, 188 So.2d 354 (Fla. 3d DCA 1966), and, accordingly, (b) the defendant cannot shield such legitimate disclosure by turning over the relevant financial records and data to his accountant and thereafter have his accountant assert the accountant-client privilege so as to block, as here, any deposition or subpoena duces tecum of the accountant. Financial records and data which are not privileged in the hands of the client cannot be shielded from discovery deposition or subpoena by transferring them to the client's accountant. See Goldberg v. Ross, 421 So.2d 669 (Fla. 3d DCA 1982); Ashcraft v. Harvey, 315 So.2d 530 (Fla. 4th DCA 1975); Silverman v. Turner, 188 So.2d 354 (Fla. 3d DCA 1966). Both the protective order and the assessment of attorney's fees herein must therefore be reversed and the plaintiff upon remand shall be allowed to depose Howard J. Schneider and to enforce the subpoena duces tecum served upon Mr. Schneider.
Reversed and remanded.