BARKDULL, Judge.
By these consolidated appeals, the appellant, Kaufman, seeks review of a final judgment for the appellee, Moskowitz, entered by the trial court, pursuant to a jury verdict in an action for legal malpractice, and trustee’s negligence. Kaufman also seeks review of a judgment awarding him only $1,300.00 attorney’s fees on his counterclaim.
Moskowitz hired Kaufman as an attorney to handle the closing on a parcel of real property that Moskowitz wanted to sell. The property sold in 1987. At time of the sale, Moskowitz wanted to effect a “Starker exchange” for tax purposes.[1] Kaufman volunteered to act as custodian of the funds without compensation. After closing, over $1,000,000.00 was placed in a trust account in Intercontinental Bank. Moskowitz expressed concern about insurance on the funds deposited. He wanted 10 separate accounts. Kaufman felt this would be too cumbersome so he suggested an insured Paine Webber account at 5.3% interest. Thereupon, Moskowitz went to Merrill Lynch where he talked to a Mr. Simpson, a broker. Simpson described two bond funds to Moskowitz, a Merrill Lynch fund and a MetLife fund. The MetLife fund paid higher interest but was a greater risk. Moskowitz spoke to Kaufman about the bond funds and they agreed the Merrill Lynch fund was the preferred investment. Kaufman met with Simpson and gave him *643 the proceeds of the fund to invest in the Merrill Lynch fund. Simpson returned the prospectus and a receipt showing the funds had been invested in the MetLife fund. When questioned about this, Simpson told Kaufman that he had spoken to Moskowitz since their original discussion and that Moskowitz requested the MetLife fund. Kaufman checked his notes and confirmed the Merrill Lynch fund was the agreed choice. He could see, however, no reason for Moskowitz not to change his mind. He sent the receipt and prospectus to Moskow-itz, who called Kaufman to advise him the money should be in the Merrill Lynch fund, not the MetLife fund. The MetLife fund lost money upon liquidation. Moskowitz alleged legal malpractice, negligence as an escrow agent, and breach of fiduciary duty in handling of the funds, against Kaufman. Kaufman counterclaimed for legal fees for the property closing, alleged breach of contract, quantum meruit, open account, and account stated. At trial Moskowitz testified as to the value of the MetLife fund when purchased and the value when sold. No evidence was put on as to the value of the Merrill Lynch fund. On the close of Moskowitz’ case, Kaufman moved for a directed verdict alleging failure to prove a cause of action for legal malpractice because Kaufman was acting as an escrow agent, not as an attorney, in the Starker transaction, and there was no expert evidence to show Kaufman was negligent as an attorney or escrow agent.
To receive the benefit of a “Starker” transaction, the grantor of a sale of real property can have no control over the funds received, which are to be held by a third party for a reinvestment in “like” property within a certain time limit. Mos-kowitz’ only viable cause of action against Kaufman, as the holder of the “Starker” funds, would have been for Kaufman acting as an imprudent person in the protection of the funds. See and compare Dodson v. National Title Ins. Co., 159 Fla. 371, 31 So.2d 402 (1947); SMP, Ltd. v. Syprett, Meshad, Resnick & Lieb, P.A., 584 So.2d 1051 (Fla. 2d. DCA 1991); Biadi v. Lawyers Title Ins. Corp., 374 So.2d 30 (Fla. 3d DCA 1979); Silverman v. Turner, 188 So.2d 354 (Fla. 3d DCA 1966). No evidence as to how a prudent person would have handled these funds was before the court at the conclusion of the plaintiff’s case, and consequently the directed verdict should have been granted. Therefore, we reverse the final judgment under review and find no merit in the cross appeal as to the jury award on attorney’s fees. Graham v. Knap, 209 So.2d 708 (Fla. 3d DCA), cert. denied 214 So.2d 621 (Fla.1968); Carr Quality Jewelers, Inc. v. Coker, 201 So.2d 798 (Fla. 4th DCA1967).
The final judgment under review is reversed with directions to the trial court to enter judgment for Kaufman on the plaintiff’s claim and to enter judgment of $1,300 for Kaufman on his counterclaim.
Reversed and remanded with directions.

. A Starker exchange is an action taken by the seller of property to take advantage of the tax benefits afforded a like-kind exchange of property. See § 1031 Internal Revenue Code. This is accomplished by taking the proceeds of a cash sale and removing it from control of the seller for a limited time until these proceeds are invested in a like-kind property. See Starker v. United States, 602 F.2d 1341 (9th Cir.1979).