LOGUE, J.
This appeal arises out of post-judgment collection efforts by judgment creditors on a recorded judgment originally obtained in New York. Appellants, who are third-party witnesses in the underlying proceedings, were served with subpoenas for depositions duces tecum seeking broad categories of documents in aid of execution. Appellants seek review of a trial court order that denied their motions to shield themselves from all or part of the discov *380 ery. In their reply brief, Appellants explained: “this appeal does not seek review of a scope-of discovery ruling, but rather it seeks review of the trial court’s ability in the first instance to enter a discovery order directed to a non-party in a post-judgment pursuit of in-aid-of-execution discovery — and where formal proceedings supplementary had yet to be commenced.”
It is clear that “Rule 1.560 permits a judgment creditor to obtain discovery in aid of execution from any person in the manner provided in the Rules of Civil Procedure.” Albert v. Hartford Nat. Bank & Trust Co., 423 So.2d 1027, 1028 (Fla. 4th DCA 1982) (emphasis added); see also Fla. R. Civ. P. 1.560(a). We note that the parties have already entered into a confidentiality agreement and that “[tjrial courts have broad discretion in controlling discovery and in issuing protective orders.” Katzman v. Rediron Fabrication, Inc., 76 So.3d 1060, 1065 (Fla. 4th DCA 2011). Given the evidence presented, the trial judge could find that there was a sufficient relationship between Appellants and the judgment debtor to justify the records requested. It was therefore within the discretion of the trial judge to allow the discovery to go forward.
Affirmed.