pdrGRAYSON DENTAL LAB, LLC,

       Petitioner,

v.

PROGRESSIVE DENTAL RECONSTRUCTION, INC., KENNETH S. BRAIMAN, JERI BRAIMAN, GEOFFREY BRAIMAN, and DIL-USA, INC.,

       Respondents.

_____/

IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1507

Opinion filed November 17, 2016.

Petition for Writ of Certiorari – Original Jurisdiction.

Kenneth B. Bell, Michael Freed, and Lauren V. Purdy of Gunster, Yoakley & Stewart, P.A., Jacksonville, for Petitioner.

Rene M. Fix, Cristine M. Russell, and Samuel J. Horovitz of Rogers Towers, P.A., Jacksonville, for Respondent Progressive Dental Reconstruction, Inc.

KELSEY, J.

       Petitioner (Purchaser), as the 2009 purchaser of a dental laboratory business from Respondent Progressive Dental Reconstruction, Inc. (Seller), seeks review of an order denying its request for discovery of some of Seller's business and financial

records in possession of Seller's accounting firm. Seller transmitted these records to its accounting firm for preparation of income tax returns. Purchaser argues that the records are essential to establishing an element of its cause of action against Seller alleging accounting and bookkeeping fraud, and that the records are not protected from discovery under the accountant-client privilege. Although Purchaser obtained business information from Seller before completing the acquisition, the point of the disputed discovery is to determine whether the information Purchaser received directly from Seller—which Purchaser claims was fraudulent—differs from the information Seller provided to its accounting firm for tax return preparation—presumably accurate and non-fraudulent information not available in this form from any other source.

We have certiorari jurisdiction over orders denying discovery when the erroneous denial causes irreparable harm to the party seeking the discovery. *Giacalone v. Helen Ellis Mem'l Hosp. Found., Inc.*, 8 So. 3d 1232, 1234-35 (Fla. 2d DCA 2009) ("The harm in such cases is not remediable on appeal because there is no practical way to determine after judgment how the requested discovery would have affected the outcome of the proceedings."); *see also Office of the Attorney Gen. v. Millennium Commc'ns & Fulfillment, Inc.,* 800 So. 2d 255, 257 (Fla. 3d DCA 2001) (recognizing certiorari lies to review order denying discovery; irreparable harm existed because "'there would be no practical way to determine after judgment what the testimony would be or how it would affect the result'") (quoting *Travelers Indem. Co. v. Hill*,

2

388 So. 2d 648, 650 (Fla. 5th DCA 1980)). On the facts presented, we agree with Purchaser and quash the trial court's order.

Although Purchaser's original request for documents was fairly broad, the parties eventually deposed a representative of Seller's accounting firm, who confirmed that the accounting firm has in its possession approximately three boxes of documents related to Seller's federal income tax filings including documents for the two fiscal years leading up to the purchase of the business, 2008 and 2009. For purposes of this proceeding, Purchaser seeks only the documents transmitted to the accounting firm in connection with the preparation of Seller's 2008 and 2009 tax returns. The documents reflected business records Seller provided to the accounting firm, including trial balance reports, cash disbursement journals, fixed asset purchase records, bank reconciliations, and general ledger entries. The representative of the accounting firm testified that information in the tax records and tax returns is not privileged. Seller presented no evidence that the boxes contain accountant-client communications or accountant work product documents, nor that there are any accountant-work-product notations on the documents.

The records Petitioner seeks are not privileged. *See, e.g.*, *Bd. of Trs. of Internal Improvement Trust Fund v. Am. Educ. Enters., LLC*, 99 So. 3d 450, 458 (Fla. 2012) (holding fully discoverable in action for fraudulent inducement, party's financial information, including "auditor reports, balance sheets, income statements, cash flows,

3

federal tax returns, budgets, and other financial reports"); *Aspex Eyewear, Inc. v. Ross*, 778 So. 2d 481, 481-82 (Fla. 4th DCA 2001) (noting party's financial records are discoverable when "the documents themselves or the status which they evidence" are at issue).

The records Petitioner seeks did not become privileged merely because Seller sent them, or the information they contain, to its accounting firm. "Financial records and data which are not privileged in the hands of the client cannot be shielded from discovery deposition or subpoena by transferring them to the client's accountant." *Paper Corp. of Am. v. Schneider*, 563 So. 2d 1134, 1135 (Fla. 3d DCA 1990) (requiring production of accountant's copies of client's income tax returns, financial statements, and records of the defendant's assets and liabilities).

We find that Purchaser would be irreparably harmed by not obtaining the documents it has identified in this proceeding, because they are necessary to establishing an essential element of its cause of action for fraud. We could not remedy the harm of non-production on plenary appeal, because we could not "determine after judgment how the requested discovery would have affected the outcome of the proceedings." *Giacalone*, 8 So. 3d at 1234-35.

We have carefully considered Seller's arguments and the authorities upon which it relies, and find them to be without merit. Purchaser is entitled to the requested documents, as the scope of the discovery request was refined through the course of

4

proceedings in the trial court and before this Court. The question of whether Purchaser is entitled to additional documents is not presently before us and therefore we do not pass upon that question.

If it turns out, contrary to the evidence currently before us, that there are privileged work-product materials or notations among or on the face of otherwise discoverable documents, Seller may avail itself of the customary procedures for asserting privilege on a document-by-document basis: redacting where possible, obtaining in-camera review before the trial court where necessary, and promptly producing all documents not subject to valid claims of privilege. *See, e.g.*, *In re Hillsborough Holdings Corp.*, 176 B.R. 223, 235-36 (M.D. Fla. 1994) (holding under Florida law, client documents in accountant's possession did not become privileged because of accountant's notations on them, and should be produced after redacting any privileged notations); *Affiliated of Fla., Inc. v. U-Need Sundries, Inc.*, 397 So. 2d 764, 766 (Fla. 2d DCA 1981) (noting party's attorneys "[c]learly . . . had a duty to disclose any portions of their file which the attorney-client privilege did not protect").

For the reasons stated herein, we GRANT the Petition, QUASH the trial court's order under review, and REMAND for further proceedings consistent with this opinion.

BILBREY and M.K. THOMAS, JJ., CONCUR.