IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DNJS HOLDINGS, LLC, DEAN
SEVERIDT, JUSTIN SEVERIDT
& NIKOLAS SEVERIDT,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

 Petitioners,

v.

CASE NO. 1D16-5859

PET DOCTORS OPERATING
LLC, PET DOCTORS
HOLDINGS, LLLP, KLF
INVESTMENTS, INC., FARZIN
DARABI, PETVET CARE
CENTERS, LLC, PETVET CARE
CENTERS (FLORIDA), LLC,
KAGC, INC., and VPP, INC.,

 Respondents.
_____/

Opinion filed August 21, 2017.

Petition for Writ of Certiorari – Original Jurisdiction.

Kansas R. Gooden of Boyd & Jenerette, Jacksonville; and R. Taylor Speer of Turner Padget Graham & Laney, P.A., Greenville, SC, for Petitioners.

Zachary R. Roth of Ansbacher Law, Jacksonville, for Respondents Farzin Darabi and KLF Investments, Inc.; and J. Rice Ferrelle, Jr. of Ferrelle Burns, P.A., Neptune Beach, for Respondents Pet Doctors Operating, LLC and Pet Doctors Holding, LLLP.

PER CURIAM.

 Petitioners filed a petition for writ of certiorari requesting we quash the trial

court's order granting respondents' request for a protective order and denying

petitioners' request for discovery related to the 2015 sale of the companies Pet Doctors Operating LLC and Pet Doctors Holdings, LLLP. Petitioners argue discovery pertaining to this sale is essential to their cause of action filed under the Florida Uniform Fraudulent Transfers Act (FUFTA), in which they allege the 2015 sale was fraudulent. They argue the court's order caused irreparable harm that cannot be remedied on appeal because the order completely prohibits their ability to bring the FUFTA claim.

Respondents have not argued that discovery pertaining to the 2015 sale would be irrelevant to petitioners' cause of action under FUFTA, nor did the trial court specifically address the FUFTA claim in its ruling.

We find petitioners have demonstrated that information establishing the existence and amount of the 2015 sale is critical to their cause of action alleging that the sale was fraudulent. The order effectively eviscerates petitioners' cause of action under FUFTA, and there is no other way for petitioners reasonably to obtain the information.

Recently, this court in PDR Grayson Dental Lab, LLC v. Progressive Dental Reconstruction, Inc., 203 So. 3d 213 (Fla. 1st DCA 2016), granted certiorari relief where a plaintiff was denied discovery. The plaintiff purchased a laboratory business and later brought a cause of action against the seller for accounting and bookkeeping fraud. Id. at 214. Although the plaintiff obtained financial information from the seller

2

before purchasing the business, he alleged the information he obtained from the seller was fraudulent and that it differed from the information the seller submitted to his accounting firm for tax return preparation. Id. This court found the plaintiff was irreparably harmed by not obtaining the documents because they were essential to his cause of action. Further, this court "could not remedy the harm of non-production on plenary appeal, because we could not 'determine after judgment how the requested discovery would have affected the outcome of the proceedings.'" Id. at 215 (quoting Giacalone v. Helen Ellis Mem'l Hosp. Found., Inc., 8 So. 3d 1232, 1234-35 (Fla. 2d DCA 2009)). See also Simpson v. State, 117 So. 3d 412 (Fla. 2013) (finding defendant who sought discovery of physical evidence related to his postconviction claims demonstrated irreparable harm because without access to that physical evidence, "[t]his would not only eviscerate his ability to litigate and demonstrate his claims, but would deprive this Court of being able to conduct a meaningful review on appeal"); Anderson v. Vander Meiden ex rel. Duggan, 56 So. 3d 830, 831 (Fla. 2d DCA 2011) (finding where defendant sought to raise the defense of setoff based on the plaintiff's settlement with other nonparties, trial court's denial of request for discovery related to the settlement agreements created irreparable harm that could not be remedied on plenary appeal).

We find this case similar to PDR Grayson and Giacalone, in which the Second District found a patient's request for documentation regarding a hospital's internal cost

3

structure and the discounts granted to the various categories of patients that it served was "critical" to establishing both his cause of action against the hospital alleging charges for his treatment were unreasonable and his affirmative defenses against the hospital's attempt to obtain payment from him. The discovery pertaining to petitioners' FUFTA claim is essential to their cause of action, and the court's order created irreparable harm that cannot be remedied on appeal. Thus, we GRANT the petition for writ of certiorari and QUASH the trial court's order.

On remand, the trial court should evaluate respondents' request for confidentiality pursuant to Alterra Healthcare Corp. v. Estate of Shelley, 827 So. 2d 936, 945 (Fla. 2002).

WOLF, RAY, and BILBREY, JJ., CONCUR.