WALLACE C. CLARK, Assignee,

*v.*

A. J. BURKE *et al.*

*Filed at Ottawa November 9, 1896.*

1. VOLUNTARY ASSIGNMENTS—*jurisdiction of county court in voluntary assignment is exclusive.* Under the provision of the act on assignments for the benefit of creditors (Laws of 1877, p. 116,) the county court has complete control over assigned estates, and its jurisdiction in such matters is exclusive.

2. CONTEMPT—*a county court may enforce obedience to its orders by proceedings for contempt.* A county court having jurisdiction of an assigned estate and of the person of an assignee, may lawfully enforce obedience to its orders by such assignee by proceedings against him for contempt.

3. SAME—*a proceeding for contempt for refusal to obey an order of court is not a criminal one.* A proceeding for contempt against a party for refusal to obey an order of the court is a civil proceeding for the benefit of those interested in the enforcement of the order.

4. SAME—*what respondent must show to purge contempt.* Where the defense to a proceeding for contempt for refusal to obey an order of the court is based wholly upon the ground that the court erroneously entered the order, to purge his contempt the respondent must show the order to be absolutely void, as the judgments of courts cannot be attacked collaterally for mere irregularities.

*Clark* v. *Burke*, 62 Ill. App. 252, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

On the 18th day of July, 1894, the Southern Hotel Company, a corporation operating the Southern Hotel in Chicago, filed in the county court of Cook county its voluntary assignment, naming one Davis as assignee. On the 24th of that month Davis resigned, and appellant, Wallace C. Clark, was appointed by the court as his successor. A number of claims were filed and allowed against the estate, and on December 10, 1894, appellees filed their petition in that court, charging, among other

things, the receipt by the assignee of certain sums of money and property which he had failed to administer upon and distribute, and praying for an order directing him to pay their claims. The assignee answered, denying, in the main, the allegations of the petitions. The court, however, found in favor of the petitioners, and ordered him to pay the claims, aggregating a sum of about $1400. Assignee having failed to obey that order, on the 18th of June, 1895, on the motion of said claimants, he was ordered by the court to show cause why he should not be attached for contempt. In response to this order he filed his sworn answer setting forth his transactions with the estate, and alleging that he had no money in his hands, as assignee, with which to comply with the order. The court held this answer insufficient, and ordered him committed to the county jail for a period of thirty days. From that order he prosecuted an appeal to the Appellate Court for the First District, and this appeal he now prosecutes from a judgment of affirmance in the latter court.

WILBUR N. HORNER, for appellant:

When a court authorized by statute to entertain jurisdiction in a particular case only, undertakes to exercise the power conferred in a case to which the statute has no application, it acquires no jurisdiction and its judgment is a nullity, and will be so treated when it comes in question either directly or collaterally. *Risley* v. *Bank*, 83 N. Y. 318.

A judgment of a court having jurisdiction of the case but not jurisdiction to enter the particular judgment may be collaterally impeached. *United States* v. *Walker*, 109 U. S. 258; *Ex parte Nielsen*, 131 id. 176; *Lewis* v. *Allerd*, 57 Ala. 628; *Folger* v. *Insurance Co.* 99 Mass. 267; *Fithian* v. *Monks*, 43 Mo. 502; 33 Ill. 166; 92 id. 619.

Judgments entered on matters not in issue are void, and may be collaterally impeached. *Steele* v. *Palmer*, 41

Miss. 28; *Armstrong* v. *Barton,* 42 id. 506; *Porterfield* v. *Butler,* 47 id. 165.

A decree or judgment deciding a fact not in issue will be treated as a nullity in a collateral proceeding. *Munday* v. *Vail,* 5 Vroom, 418; *Spoors* v. *Coen,* 44 Ohio St. 497.

HENRY A. HICKMAN, for appellees:

The offense is a criminal and not a civil contempt. *People ex rel.* v. *Pease,* 27 Chicago Legal News, 293.

The power to punish for contempts is inherent in all courts of justice, independently of statutes, and the exercise of this power, resting in the sound discretion of the court, is not open to review. *Clark* v. *People,* Breese, 340; confirmed in 3 Scam. 403; 52 Ill. 73; 64 id. 225; 97 id. 168.

The mode of enforcing its decrees, under the statute, is in the discretion of the county court, and discretionary orders are not appealable. *Truett* v. *Rains,* 17 S. C. 451; *Dows* v. *Congdon,* 28 N. Y. 122; *People* v. *Railroad Co.* 29 id. 418; *Crow* v. *State,* 24 Tex. 12; *Huer* v. *Muir,* 62 Cal. 479; *State* v. *Giles,* 10 Wis. 101.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is insisted that the county court was without jurisdiction to adjudge the assignee guilty of contempt and impose the punishment inflicted upon him. It is well settled that courts having jurisdiction of the subject matter and over the persons of parties may lawfully enforce obedience to their orders by proceeding against them as for contempt. In such case the proceeding is not a criminal one, as in case of punishment for contempt committed in the presence of the court or for contempt of its process, but is a civil proceeding for the benefit of those interested in the enforcement of the judgments, orders or decrees of the court. Section 14 of our statute entitled "Voluntary Assignments" (1 Starr & Cur. chap. 72, p. 1307,) provides: "Full authority and jurisdiction is hereby conferred upon county courts, and the judges thereof, to execute and

carry out the provisions of this act." Section 7 of the same act gives that court full jurisdiction and power over the assignee in the insolvent proceeding, and authorizes it, by citation and attachment, to compel him to proceed in the faithful execution of the duties required by the act, "and to obey the order of such court when in session, or the said judge when not in session, in relation to the complete and final settlement, distribution and paying over of the proceeds derived from said trust, or any part thereof, until a final settlement and distribution is made."

We have held in *Freydendall* v. *Baldwin*, 103 Ill. 325, *Hanchett* v. *Waterbury*, 115 id. 220, and other cases, that the county court, under these provisions, has complete control over the settlement of assigned estates, and that other courts have no power to interfere with the exercise of that jurisdiction. In other words, the county court, in the settlement of insolvent estates, under this statute is not, as seems to be assumed by counsel for appellant, a court of limited jurisdiction, but, on the contrary, in such matters is not only a court of general but of exclusive jurisdiction. No reason, therefore, appears why it may not, as a court of general chancery or common law jurisdiction, enforce obedience to its judgments and decrees by proceedings of this character.

It is contended, however, that the assignee was not bound to obey the order directing him to pay the claims in question because that order was not authorized by the allegations in the petition, etc., and because the order went beyond the scope and prayer of the petition. It is well settled that in a proceeding for contempt in failing to obey an order of the court, the respondent may question the order which he is charged with refusing to obey only in so far as he can show it to be absolutely void, and cannot be heard to say that it is merely erroneous, however flagrantly it may appear to be so. (*Leopold* v. *People*, 140 Ill. 552, and cases there cited; *People* v. *Weigley*, 155 id. 491.) This results from the well settled rule that

judgments of courts cannot be attacked collaterally for mere irregularities in the proceeding, however erroneous they may be. In this case, exemption from obedience to the order is not claimed because of inability to comply with it arising from anything that has occurred since the order was made, but wholly upon the ground that the court erroneously entered that order. To sustain that defense would amount to no less than allowing the party to be the judge in his own case. In all such cases the remedy of the complaining party is by appeal or writ of error, and not by attempting to stand in defiance thereof.

We have been able to discover no reversible error in this record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*