177 So.2d 523 (1965)
Lillian Ruth MILLER, etc., Appellant,
v.
George C. EATMON et ux., et al., Appellees.
No. G-244.
District Court of Appeal of Florida. First District.
July 20, 1965.
*524 Greene, Ayres, Swigert & Cluster, Ocala, for appellant.
Randolph C. Tucker, Jr., of Law Offices of William G. O'Neill, Ocala, for appellees.
WIGGINTON, Acting Chief Judge.
Appellant filed her complaint in chancery seeking equitable relief. From a final decree on the pleadings entered in favor of defendants, this appeal is taken.
The complaint filed by appellant contains allegations which, if accepted as true, form a proper basis for granting the relief prayed. Defendants answered admitting the material facts alleged in the complaint, denying the legal conclusions as alleged, and pleaded new matters in avoidance of the relief sought. Thereafter, defendants filed their motion for final decree on the pleadings, which motion was granted and decree entered.
Appellant first contends that from a procedural standpoint the chancellor erred in entering the final decree appealed. The motion made by appellees was pursuant to provisions of Rule 1.11(c), Florida Rules of Civil Procedure, 30 F.S.A.[1] In considering such a motion all well-pleaded material allegations of the opposing party's pleading are to be taken as true, and all allegations of the moving party which have been denied are taken as false. Conclusions of law are not deemed admitted. Judgment on the pleadings may be granted only if, on the facts as so admitted, the moving party is clearly entitled to judgment. Hence, a defendant may not obtain a judgment on the pleadings on the basis of the allegations in his answer where no reply is required, since under Rule 1.8(e), Florida Rules of Civil Procedure, these allegations are deemed denied; nor may defendant move on the basis of an insufficient denial of the allegations of his answer in plaintiff's reply, where the reply was not required or ordered by the court.[2]
Were it not for the matters hereinafter stated, we would be compelled to hold that the final decree on the pleadings herein appealed was erroneously rendered. The decree itself recites, however, that at the hearing before the chancellor the parties agreed that there was no dispute between them as to any of the material facts alleged in the pleadings filed in the case, and the court found that the material facts were not in dispute. The decree adjudges that the complaint and answer of the parties as filed in the cause contain all of the material facts in the case, and are taken as established. Because of such stipulation appellant waived her right to insist that the abovestated principles be strictly observed by the chancellor in passing upon the motion for final decree on the pleadings. In view of the stipulation of the parties the chancellor might have more appropriately treated the motion as one for summary final decree rather than for final decree on the *525 pleadings, since the issues to be tried were framed by the pleadings and the evidence on which each party relied for relief consisted of the agreed facts alleged in the complaint and answer. For the reasons hereinabove stated, we hold that the chancellor was justified in proceeding to consider the merits of the complaint with the view of entering final decree on the pleadings in favor of defendants if the admitted facts revealed that defendants were entitled to a final decree as a matter of law.
Appellant next contends that on the admitted facts the court erred in holding that defendants were entitled to a final decree as a matter of law. With this contention we cannot agree. Appellant's entire claim for relief is based upon an order for support entered by the County Judge of Marion County pursuant to F.S. Section 744.65, F.S.A., at a time when appellant's husband was an adjudged incompetent and prior to the time his competency was restored and the parties were divorced.
The petition for support filed by appellant in the county judge's court alleged that appellant's husband was adjudged incompetent and from whose estate she was entitled to support under the provisions of the statute. The petition further alleged that the defendant guardian of her husband's estate had collected the proceeds of a fire insurance policy on furniture in which appellant owned an interest, and to a portion of which proceeds appellant was lawfully entitled. In disposing of appellant's claim for relief in that cause, the county judge entered an order reading in pertinent part as follows:
"* * * the parties having stipulated that said guardian may be ordered to pay to the said Lillian Ruth Eatmon forthwith, the sum of $1,500.00 in full settlement of all claims by the said Lillian Ruth Eatmon for support and for any portion of the proceeds of said fire insurance policy, and the parties having further stipulated that the said Lillian Ruth Eatmon shall waive any claim to further support for any period during which the said incompetent shall have been released from custody by the Florida State Hospital, and the parties having further stipulated that the proceeds of the two insurance policies on the life of said incompetent shall be divided equally between the estate of the said incompetent and the said Lillian Ruth Eatmon, upon the death of said incompetent and that the guardian shall pay the premiums upon said policies hereafter, and it appearing and the Court finding that said settlement of the claims of Lillian Ruth Eatmon against said guardian will be for the best interest of the estate. * * *"
Based upon the foregoing findings the county judge ordered the guardian to pay appellant the sum of $1,500.00; appellant to deliver over to the guardian the two life insurance policies on the life of the incompetent husband which appellant held in her possession and in which she was named beneficiary; and, the guardian to pay the annual premiums on the policies as they accrue.
From the foregoing order it affirmatively appears that by stipulation of the parties the appellant agreed to accept the sum of $1,500.00 in full payment and satisfaction of all claims she had against the estate of her incompetent husband both for support during the continued period of his incompetency and for the amounts claimed by her out of the fire insurance proceeds on the furniture in which she owned an interest. This portion of the court's order fully exhausted all jurisdiction and authority which the county judge possessed under the provisions of the statutes respecting the disposition of claims against the estate of an incompetent, and the award of support to an incompetent's wife. We find no basis in the record for the remaining portion of the county judge's order in which he purported to award to appellant one-half of the insurance proceeds to be payable from her husband's estate after his *526 death on the life insurance policies then owned by him. It is a fundamental principle of law recognized in this state that the courts have no jurisdiction to award a wife an interest in property owned by her husband during the continuance of their marriage.[3] As said by Judge Horton in speaking for the Third District Court of Appeal in the Naurison case:[4]
"* * * Such an action does not contemplate or permit a resolution of their interest in jointly held property or property held by the husband in which the wife claims an interest. The Supreme Court of Florida, in our opinion, placed at rest any question theretofore existing as to the authority of a chancellor to adjudicate such property rights between a husband and wife in an action such as this when, in Bredin v. Bredin, Fla. 1956, 89 So.2d 353, 356, 61 A.L.R.2d 942, it said:
* * * * * *
"`Although some cases can be found to the contrary, we are of the view that the better holding is that in a separate maintenance proceeding the courts deal only with the incomes of the parties and should not divest either of the corpus of his estate. While it remains the duty of the husband to provide for the wife in a fashion consistent with her need and his financial ability, taking into consideration the station in life which the parties occupy, there appears to be no justification in a separate maintenance proceeding unconnected with divorce to divide up the husband's assets and deliver a portion of them in bulk to the wife while simultaneously continuing the marriage relationship and leaving vested in her all of her rights as a wife in the husband's remaining assets.'"
The fact that the order in question was entered upon the consent and stipulation of the parties is of no avail since jurisdiction not possessed by a court may not be conferred by the consent of the parties.
That phase of the order on which appellant relies for relief, and which purports to make a settlement of property rights between the husband and wife during the continuance of their marriage when the husband was an adjudged incompetent, is void ab initio as rendered in excess of the county judge's lawful authority and jurisdiction. This being so, the invalidity of that phase of the order purporting to grant appellant an interest in her incompetent husband's estate during their marriage was subject to collateral attack in this proceeding. It is our view that the chancellor correctly concluded that defendants were entitled as a matter of law to a final decree on the merits.
The decree appealed is accordingly affirmed.
STURGIS and CARROLL, DONALD K., JJ., concur.
NOTES
[1] "Motion for Judgment or Decree on the Pleadings. After the pleadings are closed, but within such time as not to delay the trial any party may move for judgment or decree on the pleadings."
[2] Paradise Pools, Inc. v. Genauer (Fla. App. 1958), 104 So.2d 860, 861.
[3] Mosley v. Mosley (Fla.App. 1963), 153 So.2d 328.
[4] Naurison v. Naurison (Fla.App. 1959), 108 So.2d 510-511.