466 So.2d 1253 (1985)
John D. KAYLOR, Appellant,
v.
Anne H. KAYLOR, Appellee.
Nos. 84-890, 84-891 and 84-1753.
District Court of Appeal of Florida, Second District.
April 12, 1985.
Stevan T. Northcutt of Levine, Freedman, Hirsch & Levinson, P.A., Tampa, for appellant.
John W. Frost, II of Frost, Purcell & Lilly, P.A., Bartow, for appellee.
OTT, Acting Chief Judge.
In this appeal, the husband challenges a contempt order entered against him by the trial court. The trial court found him in contempt for not complying with its earlier "Partial Final Judgment," which ordered settlement of the parties' property rights *1254 before granting dissolution. The husband claims that the "Partial Final Judgment" was void or rendered in excess of the trial court's jurisdiction and as such, he should not be held in contempt for failing to comply with its terms. For the reasons stated below, we affirm.
One charged with contempt by violating an order may defend by showing that the order was void or that the court was without subject-matter jurisdiction or jurisdiction over the parties to enter the order. Friedman v. Friedman, 224 So.2d 424 (Fla. 3d DCA 1969); Johnson v. Allstate Insurance Co., 410 So.2d 978 (Fla. 5th DCA 1982). The order must be obeyed until vacated or modified by that court or until it has been reversed on appeal, no matter how unreasonable or erroneous. See Friedman, 224 So.2d at 427 (quoting Seaboard Air Line Ry. v. Tampa Southern R.R., 101 Fla. 468, 134 So. 529 (1931), as it applied to an injunction).
It is clear that the trial court had jurisdiction over the parties and subject-matter jurisdiction to dissolve the marriage and settle the property rights. See Ch. 61, Fla. Stat. (1981). The question then becomes whether the trial court exceeded that jurisdiction by rendering the partial final judgment, i.e., whether the partial final judgment is void.
The husband claims that the trial court was without jurisdiction to dispose of the parties' property interests while the marriage continues to exist. He cites several cases to support his position. See, e.g., Field v. Field, 68 So.2d 376 (Fla. 1953); Ellis v. Ellis, 242 So.2d 745 (Fla. 4th DCA 1971); Miller v. Eatmon, 177 So.2d 523 (Fla. 1st DCA 1965).
These cases, however, either involved actions for separate maintenance, e.g., Ellis and Miller, or dissolution actions where divorce was denied, e.g., Field. Here, the trial court conducted a full trial on all aspects of the case. In a partial final judgment the trial court found the marriage to be irretrievably broken, but temporarily withheld the formal entry of a dissolution pending completion of various executory acts required of the parties in the property and support provisions of the partial final judgment. The trial judge carefully detailed the reasons and the purposes of his actions. Once the provisions of the partial final judgment have been realized and reported, final judgment of dissolution will automatically follow.
Further, the cases upon which the husband relies were decided before the enactment of Florida's "no-fault" divorce laws, and when grounds for divorce had to be pled and proven.
Under our present statutory scheme, a trial court is vested with broad discretion in achieving equity between the parties in a dissolution action. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Jones v. Jones, 431 So.2d 697 (Fla. 2d DCA 1983). While considered extreme and subject to review for error, the procedure of bifurcating dissolution proceedings by granting dissolution and reserving jurisdiction to divide property, grant alimony, etc., has been approved by the supreme court in exceptional circumstances. See Claughton v. Claughton, 393 So.2d 1061 (Fla. 1980). See also Hyman v. Hyman, 310 So.2d 378 (Fla. 2d DCA 1975). Although a reversal of this bifurcated proceeding, we do not think that the modification employed here by the trial court exceeded its jurisdiction; therefore, the order was not void. The trial court fashioned an equitable solution to an unusual and exceptional situation. Other means, more traditional, could have been employed  receivership, injunction, etc.  and might be preferred. See, e.g., Weasel v. Weasel, 419 So.2d 698, 700 (Fla. 4th DCA 1982). That, however, does not bear on the question of inherent power and the jurisdiction of the court. Accordingly, we hold that the partial final judgment was not void and, therefore, was not subject to collateral attack by the husband on appeal of a contempt order enforcing that judgment.[1]
*1255 We find no error in the second order of the trial court enforcing the partial final judgment authorizing mortgagors, tenants, property managers, etc., of property to turn moneys over to the wife.
Accordingly, both orders of the trial court are AFFIRMED.
DANAHY and LEHAN, JJ., concur.
NOTES
[1] We note that the husband could have taken a timely interlocutory appeal of the partial final judgment after its rendition. This he did not do. Instead, he has brought this appeal, and has filed with this court petitions for writs of mandamus and prohibition, all seeking unsuccessfully to attack the partial final judgment.