543 So.2d 308 (1989)
George C. JOANNOU, Appellant,
v.
Frank A. CORSINI, Appellee.
Nos. 87-3136, 88-0334.
District Court of Appeal of Florida, Fourth District.
May 3, 1989.
*309 John Beranek of Klein, Beranek & Walsh, P.A., West Palm Beach, and Kaye, Scholer, Fierman, Hays & Handler, Los Angeles, Cal., for appellant.
Scott Jay Feder of Floyd, Pearson, Richman, Greer, Weil, Zack & Brumbaugh, P.A., Miami, for appellee.
WARNER, Judge.
This non-final appeal questions the jurisdiction of the trial court over the person of appellant in a proceeding to enforce a foreign judgment domesticated pursuant to section 55.501, Florida Statutes (Supp. 1984).
In April, 1987 appellee filed a California judgment in Florida pursuant to section 55.501, Florida Statutes (Supp. 1984). Notice was sent to appellant pursuant to the statute, and appellant does not challenge the domestication of the judgment pursuant to that statute in these proceedings. In aid of execution on the domesticated judgment, appellee set depositions and served subpoenas on the record custodians of two Florida banks. In July of 1987, appellant made an appearance in the proceedings by filing two motions for protective orders to prevent the taking of the depositions of bank officials. He claimed that as a party he was entitled to notice of the taking of depositions pursuant to Florida Rule of Civil Procedure 1.351(b) which he did not receive and he also argued that the notice demanded production of records regarding dealings of his wife who was not a party to the judgment. Nowhere in the *310 motion did the appellant challenge the jurisdiction of the trial court over his person.
Subsequently, appellee served voluminous interrogatories on appellant in aid of execution. Receiving no timely response, appellee filed a motion to compel answers to interrogatories, and the trial court entered an agreed order compelling responses within ten days. Thereafter, in objections to interrogatories, appellant raised for the first time his contention that the trial court did not have jurisdiction over his person and further that the interrogatories were irrelevant, immaterial and that they exceed the number allowed under the rules. In response, appellee moved to hold appellant and his attorney in contempt of court, which motion was withdrawn at hearing. Instead the trial court ordered the appellant to file the answers within ten days.
Appellant appealed the order compelling answers to this court pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i) on the ground that the order granting the motion to compel necessarily overruled his objection to jurisdiction and thus determined that the court had jurisdiction over his person. Appellant filed a motion for stay of the trial court's order which was denied. Review by this court under Florida Rule of Appellate Procedure 9.310(f) was also denied.
Receiving no response to the motion to compel after the stay had been denied, appellee filed a motion for contempt. In granting the motion, the trial court found that the appellant had intentionally violated the court's prior orders, held appellant in contempt, ordered him to answer the interrogatories, and to pay a $1,000 sanction to appellee's counsel within ten days. This order was also appealed to this court and consolidated with the prior appeal.
After both appeals were filed, Appellant moved to relinquish jurisdiction and stay this appeal because the underlying California judgment was reversed upon appeal. Thus appellant could now move pursuant to Florida Rule of Civil Procedure 1.540(b) to vacate what is now a Florida judgment. § 55.503, Fla. Stat. (Supp. 1984). However, appellee resists the dismissal of this appeal because he claims that the jurisdictional issue and subsequent sanction imposed in the contempt order are not rendered moot by the reversal of the California action. We agree that the issues are not moot.
Foreign judgments are entitled to domestication in Florida pursuant to section 55.501, Florida Statutes (Supp. 1984). This statute merely adopts the method by which foreign judgments, entitled to full faith and credit under constitutional standards, may become Florida judgments for enforcement purposes. As such, under the statute the judgment sought to be domesticated must be final. See Jones v. Roach, 118 Ariz. 146, 575 P.2d 345 (Ariz. App. 1977), interpreting the identical Arizona Uniform Enforcement of Foreign Judgment Law. Whether or not the judgment is final must be determined by the law of the state of rendition, but where that state's law is not brought to the court's attention, the law of that state may be presumed to be the law of the forum state. See Aboandandolo v. Vonella, 88 So.2d 282 (Fla. 1956).
In the instant case, no California law has been presented, so we presume that the law of California is the same as the law of Florida with regard to the finality of judgments. In Florida a judgment is final "[w]here nothing further remains to be done to fully effectuate termination of the cause between the parties directly affected except enforcement by execution or otherwise." Chan v. Brunswick Corp., 388 So.2d 274, 275 (Fla. 4th DCA 1980). Accord Pruitt v. Brock, 437 So.2d 768 (Fla. 1st DCA 1983). That termination occurs when the trial court loses jurisdiction over the cause upon the expiration of the time limits set forth in Florida Rule of Civil Procedure 1.530(b). Pruitt, at 774. An appeal does not affect finality, but a party may stay enforcement of a judgment by posting a supersedeas bond in the case of a money judgment. Fla.R.App.P. 9.310. Therefore, we conclude that the California judgment was final when rendered and that it was entitled to enforcement pursuant to section 55.501, Florida Statutes (Supp. 1984) at the time it was recorded in Florida. No stay was requested of the *311 Florida court, nor was it brought to the trial court's attention or our attention that enforcement had been stayed in California. Consequently, the trial court had subject matter jurisdiction to act in the enforcement proceedings in this case.
The second question is whether the trial court had jurisdiction over the person of appellant. While appellant appears to be a non-resident and was not served with process in this case, he voluntarily entered an appearance by moving for a protective order against the taking of depositions without asserting his claim of lack of personal jurisdiction. In that motion he claimed that he was not given notice of the taking of deposition and request for documents to which he as a party was entitled under Florida Rule of Civil Procedure 1.351(b). Further, he made substantive objections to the extent of discovery requested from third parties. There is nothing in the record presented to show whether an order was entered on this motion, although appellee states in his brief that a hearing was held on the motion and the motion was denied. Nevertheless, appellant made an appearance and claimed rights under the Florida Rules of Civil Procedure which are available to parties. When the appellant makes such an appearance in these proceedings he is deemed to have waived his claim of lack of jurisdiction. Cumberland Software, Inc. v. Great American Mortgage Corp., 507 So.2d 794 (Fla. 4th DCA 1987). Thus, when the trial court entered its order compelling discovery it had both subject matter jurisdiction and personal jurisdiction over the defendant. And consequently, it also had the authority to enforce its order.
As to the contempt order, not only do we find that there was personal jurisdiction of the appellant, but also even if the trial court did not have personal jurisdiction at the time to order appellant to answer the interrogatories, appellant was not free to disobey the order of the trial court. When a party is charged with contempt for violating an order of the court, he may defend on the ground that the court was without jurisdiction over the party. However, the party must obey the order until it is vacated or modified by the trial court or reversed on appeal. Kaylor v. Kaylor, 466 So.2d 1253 (Fla. 2d DCA 1985); Jamason v. State, 447 So.2d 892 (Fla. 4th DCA 1983), aff'd, 455 So.2d 380 (Fla. 1984). In Jamason, this court clearly held that when the party's claim is that the court does not have jurisdiction over his person to subject him to the orders of the court, lack of personal jurisdiction makes such order voidable only, not void. "One may not disobey with impunity the order of a court which is merely voidable, as here." Jamason at 896. We further find that the trial court had authority to determine the motion for contempt notwithstanding the appeal of the order compelling discovery to this court. Waltham A. Condominium Association v. Village Management, Inc., 330 So.2d 227 (Fla. 4th DCA 1976); FMS Management Systems, Inc. v. IDS Mortgage Corp., 402 So.2d 474 (Fla. 4th DCA 1981).
However we now come to the question of whether the appeal is moot. The contempt proceeding is unquestionably civil in nature.
In a civil contempt proceeding an offended party to the cause is primarily seeking relief, personal and private to himself, as distinguished from punishment for conduct offensive to the public or disrespectful to the court and its authority.
Demetree v. State, 89 So.2d 498 (Fla. 1956). In the instant case the discovery sought was for appellee's personal and private interest in enforcing the California judgment. Since that judgment which was sought to be enforced in this Florida action is of no further force and effect, the appellee can no longer seek relief in the way of discovery going toward the enforcement of the judgment, as appellee in his brief even concedes. Thus, to enforce that portion of the order which compels the appellant to answer the interrogatories would solely at this point act as a punishment to appellant, which is not the primary purpose of civil contempt. We therefore vacate as moot so much of the contempt order as requires appellant to answer the interrogatories and respond to the request for production. However, as to the award of sanctions to appellee's counsel which, based upon the *312 affidavits presented below, were to compensate appellee for his attorney's fees expended in securing compliance with the valid order of the trial court, we affirm. Pollock v. T & M Investments, Inc., 455 So.2d 573 (Fla. 3d DCA 1984). That compliance with the order requiring answers to interrogatories has been rendered moot by subsequent events does not erase the efficacy of the attempts by appellee's attorneys to seek compliance with the discovery orders which at the time were improperly resisted by appellant.
In summary, we hold that the trial court did have jurisdiction over the appellant in this action, and appellant was required to obey the orders of the trial court. However, since execution on the judgment has been rendered moot by the reversal of the California judgment, it follows that compliance with discovery is moot. Nevertheless, although the part of the purge provision of the contempt order requiring compliance with discovery is moot, that portion requiring payment of sanctions for attorneys fees to appellee's counsel is not moot and must be complied with by the appellant.
We therefore affirm the order compelling discovery which determined the issue of personal jurisdiction, reverse in part the order of contempt, and remand for proceedings consistent with this opinion.
ANSTEAD and GLICKSTEIN, JJ., concur.