DOWNEY, Judge.
Michael and Deborah Hayden appeal from a non-final order denying their motion for a temporary injunction to prevent their landlord from evicting them under section 51.011, Florida Statutes (1989), the summary procedure statute.
The Haydens are tenants of residential property in Broward County who have an oral lease with their landlord, Robert Beese. As a result of his falling over plumbing pipes which were in the front yard of the rental property, Hayden sued the landlord for damages. Count II sought an injunction to prevent the landlord from evicting the Haydens under section 51.011, Florida Statutes (1989), on grounds that the statute was unconstitutional. Count III sought specific performance of the lease in which the landlord was obligated to maintain the property. Count IV sought damages for breach of contract.
At the hearing on the Haydens’ motion for temporary injunction, the Haydens argued that rule 1.010, Florida Rules of Civil Procedure, was an improper delegation of authority to the legislature to adopt rules of procedure, thereby making section 51.-011, the summary procedure statute, unconstitutional. The court entered its order denying the injunction and finding that the statute was constitutional, and the Hay-dens appeal.
Appellants acknowledge that previous cases have upheld the constitutionality of the summary procedure statute,[1] but contend the analysis should go further to determine the constitutionality of rule 1.010. We find that rule 1.010 itself demonstrates that it is not unconstitutional in that it provides that the summary procedure statutes govern only in the event that they do not conflict with the Rules of Civil Procedure. Rule 1.010 provides:
These rules apply to all actions of a civil nature and all special statutory proceedings in the circuit courts and county courts except those to which the probate and guardianship rules apply or the summary claims procedure rules apply. The form, content, procedure and time for pleading in all special statutory proceedings shall be as prescribed by the statutes governing the proceeding unless these rules specifically provide to the contrary. (Emphasis added.)
Said rule expressly authorizes statutory enactment of rules for summary procedures. Furthermore, the supreme court has always held that legislative enactment of rules of procedure is not automatically prohibited as an incursion into the rule-making power of the supreme court, e.g. The Florida Bar, re: Amendment to Rules of Civil Procedure, Rule 1.442, 550 So.2d 442 (Fla.1989); Williams v. First Union National Bank of Florida, 591 So.2d 1137 (Fla. 4th DCA 1992), unless such procedural rules are contrary to those promulgated by the supreme court, see Haven Federal Savings *1209 & Loan v. Kirian, 579 So.2d 730 (Fla.1991). We, therefore, hold that appellants have failed to demonstrate the constitutional infirmity of section 51.011, Florida Statutes (1989).
The trial court also denied appellants’ motion for injunctive relief. We would affirm that ruling also on the basis that appellants have an adequate remedy at law. Although the eviction action has not yet been filed, if and when it is, appellants could raise their constitutional objection at that time. Furthermore, it does not appear that any irreparable harm will befall them if the temporary injunction is not granted.
Accordingly, we affirm the order appealed from.
LETTS and DELL, JJ., concur.

. Lane v. Brith, 313 So.2d 91 (Fla. 4th DCA 1975).