PER CURIAM.
We deny petitioner’s request for mandamus having concluded that the trial court’s denial of the motion to vacate did not involve a ministerial duty for which there was no appellate remedy.
This case involves a domesticated California final damage judgment and the parties post-judgment “Stipulation And Agreement” pending appeal of that judgment. The “Stipulation” permitted specified execution. During the execution process in Florida, the United States Supreme Court reversed the California judgment. Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 118 S.Ct. 1279, 140 L.Ed.2d 438 (1998). The Court concluded that petitioner was entitled to a jury trial on damages. Hence the case was remanded to the district court for further proceedings.
While petitioner moved to vacate the Florida domesticated judgment in light of the Court’s reversal, he did not seek appellate review in this court of the order denying relief. See Fla.R.Civ.P. 1.540(b); Fla. *1201 R.App.P. 9.130(5). We would not necessarily reverse even if we were to review the trial court’s decision.
Of critical importance in this case is that several of the subsequent execution orders and judgments entered by the trial court below were based on petitioner’s contemptuous conduct in response to respondent’s enforcement efforts in accordance with the parties’ “Stipulation” and security agreement. Petitioner did not challenge the validity of that “Stipulation” in his motion to vacate.
At this point there is nothing to indicate that the trial court is permitting respondent to execute on the damage award within the domesticated California judgment which was reversed by the Court. Rather, the enforcement efforts appear to concern the Florida trial court’s judgments and orders premised on petitioner’s contemptuous conduct. Petitioner has not met his burden in this mandamus proceeding to demonstrate that the trial court was required to vacate those judgments. See generally Joannou v. Corsini, 543 So.2d 308 (Fla. 4th DCA 1989).
We therefore deny the petition for writ of mandamus.
STONE, C.J., GROSS and HAZOURI, JJ., concur.