757 So.2d 564 (2000)
SYNCHRON, INC., Appellant,
v.
Ilya KOGAN, Appellee.
Nos. 2D98-3679, 2D99-1635.
District Court of Appeal of Florida, Second District.
April 26, 2000.
Leslie M. Conklin, Clearwater, for Appellant.
Jonathan C. Hollingshead and Richard W. Smith of Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A., Orlando, for Appellee.
NORTHCUTT, Judge.
In these consolidated appeals Synchron, Inc. challenges an order compelling its compliance with a shareholder's demand to inspect its corporate books and records, as well as an ensuing order of contempt. We reverse because the circuit court lacked jurisdiction over the corporation when entering the first order and, therefore, it lacked authority to enforce the order by contempt.
Synchron is a closely-held Delaware corporation which maintains an office in Clearwater, Florida. It is not authorized to transact business in this state. Ilya Kogan, a resident of New York City, is a shareholder in the corporation. In February and April 1998 he made written demands to inspect certain of Synchron's corporate documents, books and records, citing his shareholder inspection rights under section 220 of the Delaware General Corporation Law.
Dissatisfied with Synchron's responses, in late August 1998 Kogan petitioned the circuit court in Pinellas County to compel Synchron's compliance with the Delaware shareholder inspection rights statute. Although Synchron had not been served with process, the court scheduled a hearing for *565 September 10, 1998. Notice of the hearing was mailed and sent by facsimile on September 9 to an attorney, Leslie M. Conklin, who had previously represented Synchron in a related matter. Conklin was given a copy of the petition when he arrived at the hearing, which he attended solely to dispute personal jurisdiction. The corporation was not served with process until September 17, 1998.
At the September 10 hearing, the court entered an order directing Synchron to comply with Kogan's inspection demand within ten days. Synchron appealed and unsuccessfully moved the circuit court and this court for a stay of the order pending appeal. When the corporation failed to permit the inspection, Kogan sought and obtained a contempt order which directed Synchron to comply with the inspection and assessed a $10,000 penalty. The court also awarded Kogan his costs and attorney's fees.
Absent a waiver, a court does not acquire jurisdiction over a defendant unless the defendant has been served with process as prescribed by law. See South-Trust Bank of Southwest Florida, N.A. v. Krause, 677 So.2d 368 (Fla. 2d DCA 1996). Here, it is undisputed that when the circuit court entered the September 10 order, Synchron had not been served in accordance either with section 48.081, Florida Statutes (1997), governing service of process on corporations generally, or with section 607.15101, Florida Statutes (1997), relating to service of process on foreign corporations.
Kogan points out that Synchron had prior actual knowledge of the dispute. Therefore, it contends, the summary procedure prescribed for enforcing a shareholder's inspection rights under section 220(b, c), Delaware Code, permitted the circuit court to proceed based on the notice of hearing given to attorney Conklin even though Synchron had not been "technically" served with process. We reject this argument for several reasons, chief among them being that statutes governing service of process must be strictly followed. See Abbate v. Provident Nat'l Bank, 631 So.2d 312 (Fla. 5th DCA 1994). The mentioned Florida statutes make no exception for the circumstances Kogan asserts.
Further, even if Kogan's argument could be sustained under the Delaware statute, that law does not purport to confer any authority on Florida's courts. To the contrary, the statute provides that "the Court of Chancery" is "vested with exclusive jurisdiction" to enforce it. § 220(c), Del.Code. The Court of Chancery is a specific court established under Delaware's constitution, with "jurisdiction and powers vested by the laws of [that] State." See Art. IV, §§ 1, 10, Del. Const. Manifestly, the jurisdiction granted by section 220 does not inure to the courts of Florida.[1]
Beyond that, and in any event, the Delaware law could not control procedures in Florida judicial proceedings, for such are within the exclusive bailiwick of the Florida Supreme Court. See Art. V, § 2(a), Fla. Const. Pursuant to Florida Rule of Civil Procedure 1.010, statutory summary proceedings generally are governed by section 51.011, Florida Statutes (1997). See Hayden v. Beese, 596 So.2d 1207 (Fla. 4th DCA 1992). That statute expressly contemplates that the defendant is to be *566 served with process, and it makes no allowance for a method of service other than as prescribed for proceedings generally. See § 51.011(1), Fla. Stat. (1997).
The long and short of it is, the circuit court had no jurisdiction over Synchron when it issued its September 10, 1998 order. Accordingly, that order is reversed. For the same reason, the contempt order must also fall. "[D]isobedience of a void order, judgment, or decree, or one issued by a court without jurisdiction of the subject-matter and parties litigant, is not contempt." State ex rel. Everette v. Petteway, 131 Fla. 516, 527, 179 So. 666, 671 (1938) (citations omitted). See also Steffens v. Steffens, 593 So.2d 1156 (Fla. 2d DCA 1992) (holding that court which had no personal jurisdiction over party when it rendered final judgment lacked authority to enforce the judgment by contempt).
In this regard Kogan urges that the contempt order should stand, because an order entered without personal jurisdiction is not void, but merely voidable. He cites the Fourth District's Joannou v. Corsini, 543 So.2d 308, 311 (Fla. 4th DCA 1989), for its holding that although one charged with contempt for violating a court order may defend that the issuing court lacked personal jurisdiction over him, nevertheless the party must obey the order until it is vacated, modified or reversed. We disagree with this view for two reasons.
First, although the Joannou court acknowledged the validity of the personal jurisdiction defense, its decision effectively would eliminate the defense entirely. It is easy to see why: If a party were to obey an order entered without personal jurisdiction, as Joannou holds he must, he would not have occasion to assert that defect as a defense to a contempt charge, because he would not be charged with contempt.
Second, as recited in Everette, 179 So. at 671, it is not contempt to disobey a "void order ... or one issued by a court without jurisdiction of the subject-matter and parties...." (Emphasis supplied.) Thus, stated as such, the law envisions three discrete circumstances that deprive a court of authority to enforce an order by contempt, only one of which is that the order is void. In this regard we note that a court with both subject matter and personal jurisdiction nevertheless might issue a void order, i.e., one that is beyond the court's power. See State v. S.M.G., 313 So.2d 761 (Fla.1975); In re Elrod, 455 So.2d 1325 (Fla. 4th DCA 1984); Miller v. Eatmon, 177 So.2d 523 (Fla. 1st DCA 1965). This contrasts with an order which is merely erroneous because it is legally or factually incorrect.
In other words, our understanding of Everette is that an alleged contemnor may defend either by assailing the subject matter or personal jurisdiction of the court that issued the underlying order, or by disputing the validity of the order itself. It was in the latter sense, we think, that the Everette court wrote "[o]ne may question the order which he is charged with refusing to obey only in so far as he can show it to be void. Clark v. Burke, 163 Ill. 334, 45 N.E. 235." Everette, 179 So. at 671. Indeed, the Clark case which was cited by Everette for that proposition turned aside the appellant's argument that he should not have been held in contempt because the underlying order was legally erroneous. See Clark v. Burke, 163 Ill. 334, 45 N.E. 235, 236 (1896).
In our view, the two cases cited by Joannou for the proposition that a party must obey an order entered without personal jurisdiction over him do not support it. Kaylor v. Kaylor, 466 So.2d 1253 (Fla. 2d DCA 1985), did not present that issue at all. Rather, it involved an accused contemnor's defense on the ground that the underlying order was void because it exceeded the court's power. When reviewing the contempt order the Kaylor court observed that the underlying order was issued by a court with both subject matter and personal jurisdiction. "The question *567 then becomes whether the trial court exceeded that jurisdiction by rendering the partial final judgment, i.e., whether the partial final judgment was void." Kaylor, 466 So.2d at 1254. Kaylor simply did not hold that one must obey an order entered without personal jurisdiction.
Neither do we believe that such a proposition is supported by the other case cited in Joannou, Jamason v. State, 447 So.2d 892 (Fla. 4th DCA 1983), aff'd, 455 So.2d 380 (Fla.1984). In Jamason, the appellants were charged with contempt for disobeying a writ of habeas corpus. They defended on the ground that the writ was void because it was issued orally. When wrestling with this question, the Fourth District noted that it "lean[ed] toward the view, without deciding," that service of a formal written writ of habeas corpus was necessary to obtain personal jurisdiction over the respondents. Jamason, 447 So.2d at 896. "We need not decide the issue, however, as it involves jurisdiction over the person, which, if defective, renders the order voidable only, not void. One may not disobey with impunity the order of a court which is merely voidable, as here." Id. Thus, admittedly, if the Fourth District in Jamason had viewed the issue as being whether the underlying order was entered without personal jurisdiction, it likely would have ruled against the accused contemnors on that basis.
It is also clear, however, that the Jamason court did not view the issue in that way. Rather, the determinative question was whether the order was void, i.e., beyond the power of the issuing court, because it was oral. That was the substance of the certified question the court posed to the Florida Supreme Court.[2] As did the Fourth District, the supreme court decided the question of whether the order was void because it was oral. It concluded that, at most, the order was voidable. "Oral orders by trial courts, while not preferred, are necessary at times." Jamason v. State, 455 So.2d 380, 381 (Fla.1984). The phrase "personal jurisdiction" did not appear in the supreme court's opinion. Indeed, that concept was not mentioned at all, either generally or specifically as it relates to defending against a contempt charge. In Jamason the supreme court did not hold that a party must obey an order entered without personal jurisdiction over him.
For the foregoing reasons, we disagree with Joannou. We are unaware of any decision of the supreme court which deviates from the court's earlier pronouncement that it is not contempt to disobey an order entered without personal jurisdiction over the accused contemnor. Therefore, we reverse the order holding Synchron in contempt of the September 10, 1998 order.
THREADGILL, A.C.J., and DAVIS, J., Concur.
NOTES
[1] For this reason, if the Delaware statute were the only possible basis upon which Kogan could seek relief, the September 10 order would be void for lack of subject matter jurisdiction, a matter which we would be obliged to raise sua sponte. See 84 Lumber Co. v. Cooper, 656 So.2d 1297 (Fla. 2d DCA 1994). But it may be possible for Kogan to amend his complaint to assert a shareholder's right to inspect grounded in Florida statutory or common law. See § 607.1602, Fla. Stat. (1997); Hollander v. Rosen, 555 So.2d 384 (Fla. 3d DCA 1989); Morley v. Slider, 549 So.2d 242 (Fla. 4th DCA 1989). Because we are unable to make that determination based on the record before us, for these purposes we will assume that the order is not void for lack of subject matter jurisdiction. See State ex rel. Everette v. Petteway, 131 Fla. 516, 179 So. 666 (1938) (describing presumption in favor of the regularity of proceedings before a court of general jurisdiction).
[2] The Fourth District certified the following question: "Whether the willful refusal to obey a telephonic order (in the nature of a writ of habeas corpus) issued by a court of general jurisdiction and based upon an oral application therefor by an attorney for the individual said to be illegally restrained, may constitute criminal contempt." Jamason v. State, 447 So.2d 892, 896 (Fla. 4th DCA 1983).