# Third District Court of Appeal

## State of Florida

Opinion filed July 25, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1993
Lower Tribunal No. 13-25126
_____

**Thomas Brown,**
Appellant,

vs.

**BNB Investment Holdings, LLC,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Gisela Cardonne Ely, Judge, and Dennis J. Murphy, Judge.

Coffey Burlington, P.L., and David A. Freedman and Frances E. Blake, for appellant.

Albert E. Acuña, P.A., and Albert E. Acuña, for appellee.

Before LAGOA, SCALES, and LUCK, JJ.

LAGOA, J.

Thomas Brown ("Brown"), a non-Florida resident, appeals from the trial court's order dismissing BNB Investment Holdings, LLC's ("BNB") Amended Verified Complaint (the "Amended Complaint") for lack of personal jurisdiction. Specifically, Brown appeals that portion of the order which, after dismissing the Amended Complaint for lack of personal jurisdiction, directed him to respond to BNB's second amended complaint within fifteen days of its filing without requiring BNB to effectuate new service of process upon Brown. For the reasons discussed below, we reverse.[1]

## I.   FACTUAL AND PROCEDURAL HISTORY

On October 16, 2013, BNB filed its Amended Complaint against several defendants including Brown. In May 2014, BNB obtained a default judgment against Brown. After his bank account was garnished, Brown moved to vacate the default judgment on the basis that he had never been served with process of service. At the conclusion of a January 17, 2017, evidentiary hearing, where Brown personally appeared and testified, the trial court vacated the default judgment for lack of service of the Amended Complaint on Brown. At the

---

[1] The trial court judge presiding at the hearing on Brown's motion to dismiss for lack of personal jurisdiction was Judge Cardonne. Prior to orally ruling on the motion to dismiss, Judge Cardonne advised the parties she was retiring. The case was subsequently transferred to Judge Murphy, who entered the written order on appeal before this Court. Judge Murphy's written order is based on Judge Cardonne's oral ruling.

conclusion of that hearing, BNB served Brown with the Amended Complaint while Brown was at the courthouse.

On February 6, 2017, Brown moved to quash BNB's service of process and to dismiss the Amended Complaint for lack of personal jurisdiction. In response to Brown's motion to quash, BNB purportedly effectuated substitute service of process on April 29, 2017, by serving the Amended Complaint on Kevin Hsu ("Hsu"), an individual residing at a San Francisco address associated with Brown.

On May 19, 2017, Brown filed an amended motion to dismiss pursuant to Florida Rule of Civil Procedure 1.140(b)(2), arguing that dismissal was proper because the Amended Complaint: (1) alleged no jurisdictional facts satisfying Florida's long-arm statute; (2) failed to track the language in the long-arm statute; and (3) failed to allege minimum contacts by Brown that satisfied constitutional due process requirements. On July 12, 2017, the trial court held a hearing on Brown's motion to dismiss for lack of personal jurisdiction and orally granted Brown's motion to dismiss. The trial court allowed BNB thirty days to amend its Amended Complaint to remedy the jurisdictional deficiencies and further ordered Brown to file a responsive pleading to that second amended complaint within fifteen days after its filing.[2]

[2] Although Brown's motion to quash service of process was also before the trial court and noticed for hearing, the trial court decided at the hearing not to proceed on that motion and ruled solely on the motion to dismiss for lack of personal jurisdiction.

3

Brown did not contemporaneously object to the trial court's oral ruling at the hearing, but on July 19, 2017, prior to the trial court entering a written order, Brown sent a letter to the trial court, along with a proposed written order, stating that because the court granted Brown's motion to dismiss for lack of personal jurisdiction, it seemed "contradictory for Mr. Brown to be required to file a responsive pleading until he has been properly served." Brown's proposed written order to the trial court, therefore, omitted the requirement that Brown file a responsive pleading within fifteen days of BNB's second amended complaint. In response, BNB sent a letter to the trial court arguing that Brown's motion to dismiss only attacked the sufficiency of its Amended Complaint and that the trial court did not substantively discuss or rule upon whether the service upon Brown was proper.[3]

On August 3, 2017, the successor trial court judge entered BNB's proposed written order requiring Brown to file a response to BNB's second amended complaint.[4] On August 10, 2017, BNB filed its Second Amended Verified Complaint (the "Second Amended Complaint"). BNB sent a copy of the Second

---

[3] A review of the record confirms that Brown's amended motion to dismiss solely raised lack of personal jurisdiction pursuant to Florida Rule of Civil Procedure 1.140(b)(2). BNB's letter to the trial court appears to confuse this type of motion with a motion to dismiss for failure to state a cause of action pursuant to Rule 1.1.40(b)(6). No such motion was pending before the trial court.

[4] The written order entered by the successor judge differs from the trial court's oral ruling by requiring a "response" rather than a "responsive pleading."

Amended Complaint to Brown accompanied with a request for Brown to waive personal service, which Brown declined. Brown timely appealed the trial court's order.

## II. ANALYSIS

On appeal, Brown contends that after the trial court dismissed BNB's Complaint for lack of personal jurisdiction, the trial court erred by ordering him to respond to BNB's Second Amended Complaint within fifteen days after its filing without re-service of process. We agree, and we further note that BNB—although not in a Confession of Error—in its Answer Brief "very candidly states that **Appellant's legal position is correct**; generally, when a complaint is dismissed for failure to comply with Florida's long-arm statute service of process must be effectuated once again on the corresponding defendant." (emphasis added).[5]

In determining whether a trial court may exercise personal jurisdiction over a non-Florida resident, the court must make two inquiries: (1) whether a "'complaint alleges sufficient jurisdictional facts'" to satisfy Florida's long-arm statute, and (2) whether sufficient "minimum contacts" are demonstrated to satisfy due process requirements. Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502

---

[5] Notwithstanding the concession, BNB argues that Brown waived this issue by failing to object at the conclusion of the hearing. We find this argument without merit as Brown raised the issue with the trial court prior the entry of the written order, and BNB, in its own letter to the trial court, challenged Brown's argument to the trial court on this issue.

(Fla. 1989) (quoting Unger v. Publisher Entry Serv., Inc., 513 So. 2d 674, 675 (Fla. 5th DCA 1987)). Additionally, a trial court "does not acquire jurisdiction over a defendant unless the defendant has been served with process as prescribed by law." Synchron, Inc. v. Kogan, 757 So. 2d 564, 565 (Fla. 2d DCA 2000).

If a case is dismissed for lack of personal jurisdiction under the long-arm statute, any prior service of process is void. Dimino v. Farina, 572 So. 2d 552, 554 (Fla. 4th DCA 1990), disapproved on other grounds by Babcock v. Whatmore, 707 So. 2d 702, 705 n.7 (Fla. 1998). In Dimino, the plaintiff filed an amended complaint and effected service of process on the defendant under the long-arm statute. Id. at 553. After the defendant successfully moved to dismiss the case for lack of personal jurisdiction, the plaintiff filed a second amended complaint and mailed a copy to the defendant's counsel. Id. at 553-54. In response, the defendant filed a motion to dismiss for lack of personal jurisdiction and a motion to quash service of process. The trial court denied both the motion to dismiss and the motion to quash. Id. at 554.

On appeal, the plaintiff in Dimino contended that because the original service of process was not quashed when the trial court dismissed the complaint, the service remained valid. Id. The Fourth District Court of Appeal, however, held that when the trial court granted the defendant's motion to dismiss for lack of personal jurisdiction, the trial "court effectively voided the original service of

6

process," and therefore, the plaintiff "was required to re-serve [the defendant] with the second amended complaint." Id. Specifically, the Fourth District noted that "Florida courts have consistently held that the '[f]ailure to adequately allege in the complaint a basis for long-arm jurisdiction under 48.183 voids any service of process.'" Id. (alteration in original) (quoting Mouzon v. Mouzon, 458 So. 2d 381, 383 (Fla. 5th DCA 1984)); see also Wrenn v. McDonnell, 671 So. 2d 884, 885 (Fla. 5th DCA 1996) (vacating final judgment of paternity for lack of jurisdiction and concluding that "'[w]ithout a basis for jurisdiction appearing in the complaint . . . , service of long-arm process is void.'" (quoting Pluess-Staufer Indus. v. Rollason Eng'g & Mfg., Inc., 597 So. 2d 957, 958 (Fla. 5th DCA 1992))).

In the instant case, when the trial court ruled that it lacked personal jurisdiction over Brown and granted Brown's motion to dismiss, the trial court effectively voided the service of process and therefore could not simultaneously order Brown to respond to BNB's Second Amended Complaint within fifteen days after its filing without requiring BNB to re-serve Brown. We thus find that the trial court's order dismissing BNB's Amended Complaint for lack of personal jurisdiction voided the April 29, 2017, service purportedly effectuated upon Brown via substitute service on Hsu, see Synchron, 757 So. 2d at 564, and that the trial court therefore erred in requiring Brown to file a response to BNB's Second

Amended Complaint without requiring BNB to effectuate new service of process on Brown.[6]

III. CONCLUSION

Based on the foregoing, we find that the trial court erred when, after finding that it lacked personal jurisdiction over Brown, it nevertheless ordered Brown to file a response to the Second Amended Complaint without requiring BNB to effectuate service of process on Brown with that amended pleading. We therefore reverse that portion of the trial court's order. BNB must effectuate service of process on Brown with the Second Amended Complaint. If service is effectuated, Brown may respond in any manner authorized by the Florida Rules of Civil Procedure within the permitted time period.

Reversed in part and remanded for further proceedings.

_____

[6] BNB further argues that this Court should dismiss Brown's appeal as moot because BNB effectuated service of process upon Brown in Ira, Texas, by way of substitute service on Brown's mother during the pendency of this appeal. We find BNB's argument without merit. An issue on appeal becomes moot "where, by a change of circumstances prior to the appellate decision, an intervening event makes it impossible for the court to grant a party any effectual relief." Montgomery v. Dep't of Health & Rehab. Servs., 468 So. 2d 1014, 1016 (Fla. 1st DCA 1985). Here, the issue on appeal is not moot, as the trial court's order improperly required Brown to file a response after finding that the trial court lacked personal jurisdiction over Brown. By granting the motion to dismiss, the April 29, 2017, service of process in San Francisco was void, and Brown is under no obligation to comply with that aspect of the trial court's order purportedly requiring a response to the Second Amended Complaint within fifteen days of its filing.