# Third District Court of Appeal

## State of Florida

Opinion filed February 8, 2023.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D22-1101
Lower Tribunal No. 19-16332

————————————

**Tilia Cordata, LLC,**
Appellant,

vs.

**Yellow Funding Corp., et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Darius Asly, for appellant.

Michel O. Weisz, P.A., and Michel O. Weisz; Bakalar & Associates, P.A., and Susan P. Bakalar and Raymond A. Piccin (Coral Springs), for appellees.

Before EMAS, SCALES and LOBREE, JJ.

<u>ON MOTION TO DISMISS APPEAL</u>

SCALES, J.

In this mortgage foreclosure action, Tilia Cordata, LLC ("Cordata"), a purported junior mortgagee, seeks appellate review of the trial court's May 26, 2022 order denying Cordata's May 22, 2022 post-judgment motion captioned as "Emergency Third-Party Motion to Defer Writ of Possession" ("defer motion"). Cordata, though, was not a party to the action below when it filed its defer motion, because, on March 4, 2021, the trial court (i) granted Cordata's motion to quash service of process on Cordata, and (ii) vacated the clerk's default and judicial default entered previously against Cordata. Because Cordata was not a party to the lower proceedings when it filed the defer motion and the trial court entered the challenged May 26, 2022 order, Cordata cannot seek appellate review of the order in this Court; therefore, we are compelled to dismiss the appeal for lack of jurisdiction. See Fla. R. App. P. 9.020(g)(1) (defining "Appellant" as a "*party* who seeks to invoke the appeal jurisdiction of a court") (emphasis added); Edwards v. CIT Bank, N.A., 306 So. 3d 217, 219 (Fla. 3d DCA 2020) ("Florida law clearly establishes that 'a non-party in the lower tribunal is a 'stranger to the record' and, therefore, lacks standing to appeal an order entered by the lower tribunal.'" (quoting Portfolio Invs. Corp. v. Deutsche Bank Nat'l Tr. Co., 81 So. 3d 534, 536 (Fla. 3d DCA 2012))).

2

## I. RELEVANT BACKGROUND

On May 2, 2018, Arthur Morburger executed a mortgage pledging his Miami Beach residential condominium as security for a $300,000 loan from appellee Yellow Funding Corp. ("Yellow Funding"). On May 4, 2018, the mortgage was recorded in the public records.

When Morburger subsequently defaulted on the loan, Yellow Funding, on May 30, 2019, filed the instant action against Morburger in the Miami-Dade County circuit court, seeking to foreclose on Morburger's condominium. Yellow Funding's operative second amended complaint named Cordata as a co-defendant, alleging therein that Cordata may claim some interest in Morburger's condominium by virtue of an August 18, 2018 recorded mortgage that was "inferior in dignity" to Yellow Funding's May 4, 2018 recorded mortgage. Yellow Funding sought to perfect substituted service of process on Cordata by serving Florida's Secretary of State on September 3, 2020. See § 48.181, Fla. Stat. (2020) (providing the requisites for substituted service of process on a foreign corporation engaging in business in the state of Florida); § 48.161, Fla. Stat. (2020) (providing the method for substituted service of process on a nonresident).

When Cordata did not file a responsive pleading, Yellow Funding obtained a clerk's default against Cordata on September 28, 2020, followed

3

by a judicial default on October 14, 2020. On November 26, 2020, Cordata filed its "Motion to Quash Service of Process, to Vacate Default, and to Dismiss for Lack of Personal Jurisdiction" ("motion to quash"), filing a supplement thereto on February 7, 2021. Cordata's motion to quash, as supplemented, argued that Yellow Funding had failed to comply with section 48.161 and 48.181's statutory requisites and procedures for effectuating substituted service of process on a foreign corporate defendant through the Secretary of State.

Without first seeking to have Cordata's motion to quash adjudicated, Yellow Funding sought to obtain a final judgment of foreclosure. Yellow Funding's efforts succeeded, for the trial court, on December 4, 2020, entered a final judgment of foreclosure against Morburger in Yellow Funding's favor ("foreclosure judgment").[1] Presumably to address Cordata's pending motion to quash, the foreclosure judgment provided as follows:

---

[1] In a consolidated appeal (appellate case numbers 3D21-318 and 3D21-881), this Court affirmed both the foreclosure judgment and the trial court's order denying Morburger's post-judgment motion objecting to the foreclosure sale. See Morburger v. Yellow Funding Corp., 329 So. 3d 214 (Fla. 3d DCA 2021), review denied, SC21-1730, 2022 WL 852766 (Fla. Mar. 23, 2022). While the consolidated appeal was pending, Morburger, on April 4, 2021, filed a Florida Rule of Civil Procedure 1.540 motion in the trial court seeking to set aside the foreclosure judgment. The trial court's order denying Morburger's rule 1.540 motion is the subject of Morburger's pending appeal in this Court (appellate case number 3D22-734).

4. **Severance of claim.** The claim of Defendant Tilia Cordata, LLC is hereby severed. The priority of its mortgage lien shall be determined separately.[2]

The trial court conducted a January 15, 2021 hearing on Cordata's motion to quash and, on March 4, 2021, entered an order granting the motion ("quashal order"). The trial court's quashal order vacated the prior defaults and quashed Yellow Funding's purported service of process on Cordata. Meanwhile, the judicial sale of Morburger's condominium was conducted on January 19, 2021, at which the property was sold to a third party purchaser, appellee Miami Opa Locka Business Park, LLC ("Park"). The lower court clerk issued Park a certificate of title on March 10, 2021.

After this Court affirmed the foreclosure judgment and the trial court's order denying Morburger's post-judgment motion objecting to the foreclosure sale,[3] Park moved below for issuance of a writ of possession. On April 13, 2022, the trial court entered an order directing the lower court clerk to issue a writ of possession to Park on May 23, 2022. The day before the clerk was

---

[2] Nothing in our record reveals any attempt by Cordata to obtain any type of affirmative relief in this action. Rather, it appears that Cordata advised the trial court that Cordata *intended* to file a mortgage lien claim against Morburger in a separate action.

[3] See footnote 1, *supra*.

to issue the writ of possession, May 22, 2022, Cordata filed in the trial court its defer motion, the adjudication of which is the subject of this appeal.[4] Cordata's defer motion requested that the trial court: (i) "defer" issuance of the writ of possession; (ii) grant Cordata "relief" from the foreclosure judgment; and (iii) grant Cordata "leave" to file its own mortgage lien claim against Morburger and a claim against Park to "clear[] and set[] aside the cloud on title created by [Park's] Certificate of Title."

The trial court conducted a May 25, 2022 hearing on the defer motion, and, on May 26, 2022, the trial court entered the challenged, unelaborated order denying Cordata's defer motion. It is this order that Cordata now seeks to appeal.[5] Park has moved to dismiss the appeal for lack of jurisdiction.

## II. ANALYSIS

---

[4] While in its defer motion Cordata refers to itself as a "Third-party Plaintiff," we again note that nothing in our record reveals any attempt by Cordata to obtain any type of affirmative relief in this action. See footnote 2, *supra*.

[5] On May 27, 2022, in appellate case number 3D22-911, Cordata filed a separate petition in this Court seeking a writ to prohibit the trial court from issuing Park a writ of possession. The petition asserted many of the same arguments that Cordata makes in this appeal. On June 21, 2022, a different panel of this Court denied that petition in an unelaborated order. See Tilia Cordata, LLC v. Yellow Funding Corp., 3D22-0911, 2022 WL 17109598, at *1 (Fla. 3d DCA June 21, 2022).

6

Park's motion to dismiss this appeal argues that Cordata "ceased being a party to the trial court action when it was dismissed from the case." Park is correct.

As a result of the trial court's quashal order – that quashed the substituted service of process on Cordata and vacated the clerk's default and judicial default entered previously against Cordata – Cordata ceased to be a party in the case and the trial court was precluded from exercising personal jurisdiction over Cordata until Yellow Funding re-served Cordata with the operative second amended complaint. See Borden v. E.-European Ins. Co., 921 So. 2d 587, 591 (Fla. 2006) ("Service of process is the means of notifying a party of a legal claim and, *when accomplished*, enables the court to exercise jurisdiction over the defendant and proceed to judgment.") (emphasis added); Brown v. BNB Inv. Holdings, LLC, 252 So. 3d 344, 347 (Fla. 3d DCA 2018) ("[W]hen the trial court ruled that it lacked personal jurisdiction over Brown and granted Brown's motion to dismiss, the trial court effectively voided the service of process and therefore could not simultaneously order Brown to respond to BNB's Second Amended Complaint within fifteen days after its filing without requiring BNB to re-serve Brown."). Because Yellow Funding failed to re-serve the second amended complaint on Cordata, that portion of the previously-entered foreclosure

7

judgment purporting to "sever" Cordata's "claim"[6] so that "the priority of its mortgage lien shall be determined separately" was essentially nullified by the quashal order. The trial court had no personal jurisdiction over Cordata to determine the priority of its mortgage lien on the subject property. See Sterling Factors Corp. v. U.S. Bank Nat'l Ass'n, 968 So. 2d 658, 665 (Fla. 2d DCA 2007) ("[A] judgment that is entered against a defendant when the court has no personal jurisdiction over the defendant is generally regarded as a void judgment."); Abdoney v. York, 903 So. 2d 981, 983 (Fla. 2d DCA 2005) ("When a junior mortgagee is omitted as a party to the foreclosure of a senior mortgage, the lien of the junior mortgagee is unaffected by the judgment.").[7]

Only a "party" may initiate an appeal. See Fla. R. App. P. 9.020(g)(1). Because the record before us reflects that, upon entry of the quashal order, Cordata became a non-party to this action over whom the trial court had no personal jurisdiction, we lack jurisdiction to adjudicate Cordata's purported appeal of the challenged order denying its defer motion. Edwards, 306 So.

---

[6] See footnote 2, *supra*.

[7] While the trial court denied Cordata's defer motion, we note the trial court could have simply stricken it as noncognizable, because Cordata's defer motion was filed by a non-party over whom the trial court did not have personal jurisdiction. See Edwards, 306 So. 3d at 219 ("We conclude that the trial court had no jurisdiction to adjudicate the non-party Appellants' objection to the sale and issuance of the certificate of title and the motion to vacate the sale and final judgment of foreclosure.").

3d at 219 (determining that because the trial court lacked jurisdiction to adjudicate the non-party appellant's motion, "this Court has no jurisdiction to consider the merits on appeal from that order").

Appeal dismissed.